UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DAVID M. LORITZ, Individually
and on Behalf of All Others Similarly
Situated,

            Plaintiff,

      v.

EXIDE TECHNOLOGIES, et al.,

        Defendants.

Master File Case No.
2:13-cv-02607-SVW-E

CLASS ACTION

[~~PROPOSED~~] **PROTECTIVE
ORDER**

**IT IS HEREBY ORDERED that:**

This Protective Order governs information given or received through documents, depositions, deposition exhibits, interrogatory responses, admissions, and other written, recorded, graphic, or electronic matter or information produced, filed with, or submitted to the Court and/or given or exchanged by and among the parties ("Discovery Material"), including Discovery Material produced by non-parties to the above-captioned litigation (the "Action"). The provisions of this Protective Order shall apply to the parties to this action and any other person producing, receiving, or disclosing material in this action who agrees to be bound by the terms of this Protective Order.

## USE OF CONFIDENTIAL MATERIALS IN DISCOVERY

1.     All Discovery Material received by any party, including Discovery Material designated as "Confidential" or "Highly Confidential" (collectively,

"Protected Material"), or information summarizing, referencing and/or incorporating Protected Material, shall be used solely for purposes of the Action and any action that may be related to or consolidated with the Action, including any appeal and retrial, and shall not be used for any business, commercial or other purpose or for other litigation.

2.      When used in this Protective Order, the word "document" shall have the meaning under Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, all original written, recorded, electronic or graphic materials, and all copies, duplicates, or abstracts thereof, including, but not limited to, notes on documents.

3.      This Protective Order shall not apply to information that, prior to disclosure, is:

>        (a)     properly in the possession or knowledge of the party to whom such disclosure is made;
>
>        (b)     public information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made; or
>
>        (c)     legitimately acquired from a source not subject to this Protective Order.

4.      The Producing Party must designate as Confidential any material, testimony, or other information that it reasonably and in good faith believes consists

2

of trade secrets or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(l)(G).  The Producing Party bears the burden of establishing good cause for Confidential treatment.

5.     The Producing Party must designate as Highly Confidential any material, testimony, or other information that it reasonably and in good faith believes (i) satisfies the requirements for the Confidential designation described in Paragraph 4 above and (ii) the disclosure, or further disclosure, of which would result in a clearly defined, serious and irreparable injury to the Producing Party that cannot reasonably be protected by alternate means. The Producing Party bears the burden of establishing good cause for Highly Confidential treatment and must make a showing consistent with the requirements in this Paragraph.

6.     Any party or person producing or disclosing Discovery Material ("Producing Party") must designate for protection only those parts of the material, testimony or other information that satisfy the definition of Confidential or Highly Confidential to ensure that portions for which protection is not warranted are not unjustifiably labeled as Protected Material.  It is the intent of the parties and the Court that materials will not be designated as Protected Material for tactical reasons in this Action and that nothing will be so designated without a good faith belief that there is good cause why it should not be part of the public record in this case.

7.     The designation of Discovery Material as Protected Material shall be made in the following manner by the Producing Party:

(a)   In the case of electronic or paper documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by stamping or otherwise clearly marking as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" each page containing any Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party must also clearly identify the protected portion(s) by making appropriate markings in the margins.

(b)   In the case of depositions or other pre-trial testimony, designation of the portion of the transcript (including exhibits) which contains Protected Material shall be made by:

(i)   a statement to such effect on the record during the proceeding in which the testimony is received, in which case the court reporter will mark the designated portions as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, and will bind such designated portions in separate volumes, marked, as appropriate, "CONFIDENTIAL INFORMATION GOVERNED BY PROTECTIVE ORDER" and "HIGHLY CONFIDENTIAL INFORMATION GOVERNED BY PROTECTIVE ORDER"; or

4

(ii)     written notice served on counsel of record in this Action within thirty (30) business days after receipt of the rough transcript of such proceeding, provided that all testimony, exhibits, and transcripts of depositions or other testimony shall be treated as Protected Material before such thirty (30) day period has expired.

The parties may modify this procedure for any particular deposition by agreement on the record at such deposition, without further order of the Court.

8.     To the extent the Producing Party is required to produce documents or materials that are subject to a separate confidentiality agreement, such documents or information may also be designated Confidential or Highly Confidential as appropriate under this Protective Order.

9.     The inadvertent failure to designate Discovery Material as Protected Material does not, in and of itself, constitute a waiver of such claim, subject to the receiving party's right to challenge claims of inadvertence, and may be corrected by supplemental written notice to all prior recipients made promptly upon discovery of the failure to designate. Thereafter, this Court and all persons subject to this Protective Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential as appropriate. Upon timely receipt of such a supplemental designation, any receiving party that disclosed the Discovery Material prior to its designation shall exercise its best efforts to (i) ensure that any paper or electronic

5

documents summarizing, referencing and/or incorporating any such Discovery Material, which paper and electronic documents may be retained by the receiving party, is treated as if the Discovery Material had originally been designated Confidential or Highly Confidential and (ii) ensure such Discovery Material is not further disclosed except in accordance with the terms of this Protective Order. If materials are redesignated as Protected Material, any receiving party shall exercise best efforts to return to the Producing Party, or destroy all copies of, inappropriately designated materials (other than record file and work product documents, which thereafter shall be treated as if the subsequent designation had been made). Nothing shall prevent a party from asking the Court to seal portions of the record containing information that a party inadvertently failed to designate as Protected Material. The parties shall exercise best efforts to cooperate to protect later-designated materials that previously have been filed with the Court.

10.     Where a Producing Party has designated Discovery Materials as Confidential, other persons subject to this Protective Order may disclose, summarize, describe, characterize, or otherwise communicate or make available such information, in whole or in part, only to the following persons:

(a)     the parties in the Action, and the directors, officers and employees of the parties who are assisting counsel in the Action;

(b)     outside counsel of record for parties in the Action and any other counsel  employed by any party to the Action, and regular or

6

temporary employees and service vendors of such counsel (including copy-service providers and litigation support services) assisting in the conduct of the Action for use in accordance with this Protective Order;

(c)   witnesses, noticed or subpoenaed deponents and their counsel, provided: (i) such witness or deponent first signs the form attached as Exhibit A hereto; or (ii) if such witness or deponent refuses to sign a certification form, they are provided with a copy of this Protective Order.  The Producing Party may advise the witness or deponent on the record that he or she may be subject to sanctions for any violation of the terms of the Protective Order.  Witnesses or deponents who are shown material designated Confidential are not allowed to retain copies of such material;

(d)   experts, consultants and investigators (including their professional staffs) assisting counsel for parties that have appeared in the Action, to the extent necessary to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of the Action, provided that such expert, consultant or investigator: (i) is using said Protected Material solely in connection with the Action; and (ii) signs the form attached as Exhibit A hereto;

7

(e)    as to any document, any person indicated to be the author, addressee, or a copy recipient, or any other person who otherwise is shown to have knowledge of material designated Confidential, the receipt of which is not in violation of this Protective Order;

(f)    the Court, court personnel, any appellate court having jurisdiction of any appeal of this action, and jurors, potential jurors or alternate jurors pursuant to Paragraphs 15-18 of this Protective Order;

(g)    court reporters, videographers (and their staffs) employed in connection with the Action;

(h)    mediators and any person carrying on an insurance business that may be liable to satisfy part or all of any judgment which may be entered in the Action, or to indemnify or reimburse for payments made to satisfy a judgment; and

(i)    any other person only upon order of the Court or upon stipulation of the Producing Party.

11.    Where a Producing Party has designated Discovery Materials as Highly Confidential, other persons subject to this Protective Order may disclose, summarize, describe, characterize, or otherwise communicate or make available such information, in whole or in part, only to the following persons:

(a)    designees pursuant to Fed. R. Civ. P. 30(b)(6) and client representatives who are actively or regularly assisting counsel in

8

the Action, provided such designee or client representative first signs the form attached as Exhibit A hereto;

(b) outside counsel of record for parties in the Action, and regular or temporary employees and service vendors of such counsel (including copy-service providers and litigation support services) assisting in the conduct of the Action for use in accordance with this Protective Order;

(c) the parties' office of general counsel;

(d) witnesses, noticed or subpoenaed deponents and their counsel, provided: (i) such witness or deponent first signs the form attached as Exhibit A hereto; or (ii) if such witness or deponent refuses to sign a certification form, they are provided with a copy of this Protective Order and advised on the record that they may be subject to sanctions for any violation of the terms of the Protective Order. Witnesses or deponents who are shown material designated Highly Confidential are not allowed to retain copies of such material;

(e) experts, consultants and investigators (including their professional staffs) assisting counsel for parties that have appeared in the Action, to the extent necessary to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of the

9

Action, provided that such expert, consultant or investigator: (i) is using said Protected Material solely in connection with the Action; and (ii) signs the form attached as Exhibit A hereto;

(f) as to any document, any person indicated to be the author, addressee, or a copy recipient, or any other person who otherwise is shown to have knowledge of material designated Highly Confidential, the receipt of which is not in violation of this Protective Order;

(g) the Court, court personnel, any appellate court having jurisdiction of any appeal of this action, and jurors, potential jurors or alternate jurors pursuant to Paragraphs 15-18 of this Protective Order;

(h) court reporters, videographers (and their staffs) employed in connection with the Action;

(i) mediators and any person carrying on an insurance business that may be liable to satisfy part or all of any judgment which may be entered in the Action, or to indemnify or reimburse for payments made to satisfy a judgment; and

(j) any other person only upon order of the Court or upon stipulation of the Producing Party.

12. Prior to any disclosure of Protected Material, counsel of record for the party proposing to make such disclosure shall ensure that a copy of this Protective

10

Order has been delivered to such person and shall attempt to obtain that person's signature in the form attached as Exhibit A hereto. Counsel of record for each party shall maintain executed Exhibit A forms, which shall be available for inspection by counsel for the party claiming confidentiality upon order of the Court following a showing of good cause. Executed Exhibit A forms shall not be discoverable except upon good cause shown and order of the Court.

13. Any persons receiving Protected Material shall not reveal information designated Confidential or Highly Confidential (including its contents, or any portion or summary thereof) with any person who is not entitled to receive such information, as set forth in Paragraphs 10 and 11. Any person or entity receiving Protected Material shall maintain it in a reasonably secure manner so that it is not further disclosed or used in any manner inconsistent with this Protective Order. Persons receiving Protected Material shall use it only for purposes of this Action, and not for any other purpose.

14. During the pendency of the Action, any party objecting to the confidentiality designation of any Discovery Material must deliver to the designating party a written statement identifying the reason or reasons for the objection by hand delivery, overnight delivery, or e-mail (which e-mail shall be considered delivered when sent). If the parties are unable to resolve the objection after conferring in good faith (which meet-and-confer shall occur within seven (7) days of service of the written statement of objection), the following procedure should apply unless

11

otherwise agreed upon by both parties or as modified by the Court: the objecting party may file a motion with the Court challenging the designations within fifteen (15) days after the meet-and-confer.  Within seven (7) days after the objecting party has filed the motion, or otherwise pursuant to stipulation between the parties, the designating party shall submit a response showing good cause for the designation, and why the designation should be maintained.  Within seven (7) days of the designating party's submission of the response, the objecting party may file a reply.  Such motions shall be limited to ten (10) pages in length; responses and replies shall be limited to fifteen (15) pages.  While such an application is pending, the Discovery Material shall be treated as Protected Material pursuant to this Protective Order.  In connection with any such application, the designating party bears the burden of establishing good cause for confidential treatment in accordance with Fed. R. Civ. P. 26(c)(1)(G).

## USE OF PROTECTED MATERIAL IN COURT

The following provisions govern the treatment of Protected Material as a basis for adjudication of matters or proceedings with the Court.

15.    If documents, material or information (including portions of deposition transcripts) with a confidentiality designation are to be included in any papers filed with the Court, such papers shall be labeled "Confidential – Subject to Protective Order" or "Highly Confidential – Subject to Protective Order" and filed under seal in accordance with the Court's Local Rules and CM/ECF procedures.  Such documents, material and information shall be kept under seal until further order of the Court.

12

Parties that file a pleading or other paper that includes confidentiality designation(s) under seal shall also file on the public record a version of the pleading or other paper from which the protected portion(s) has been redacted.

16.     Where possible, only Confidential or Highly Confidential portions of filings with the Court shall be filed under seal.  The parties shall endeavor in good faith to avoid filing materials under seal whenever possible.  Parties desiring to refer to or include Protected Material in a Court filing may confer with counsel for the Producing Party about any such references in an effort to reach an agreement that will make filing under seal unnecessary.  Any agreements reached by any parties to resolve the need for filing under seal shall not be viewed or deemed as waiver or admission of any prior or subsequent Confidential or Highly Confidential designation, nor shall any such agreement be construed to apply to any future efforts to apply the Confidential or Highly Confidential designation.

17.     All extracts and summaries of Protected Material, as well as briefs or other pleadings quoting or disclosing such Protected Material, shall also be treated as Protected Material in accordance with the provisions of this Protective Order.

18.     This Protective Order does not address the use of Protected Material at trial.  The parties agree to meet and confer regarding use of Protected Material in connection with trial and to raise the issue with the Court at an appropriate time.

### **OTHER**

13

19.   Entering into, agreeing to and/or producing or receiving Protected Material or otherwise complying with the terms of this Protective Order shall not:

(a)   operate as an admission by any party that any particular Protected Material contains or reflects trade secrets or any other type of Protected Material;

(b)   prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Protected Material;

(c)   prejudice in any way the rights of any party to object to the production of any document requested on confidentiality, relevancy or any other grounds. Moreover, nothing herein shall constitute a waiver of the right to object on any ground to the use in evidence of any of the materials subject to this Protective Order;

(d)   prejudice in any way the rights of a party to obtain a determination by the Court whether any Discovery Material is, should, or should not continue to be subject to the terms of this Protective Order;

14

(e)    prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purported Discovery Material;

(f)    prevent the parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material; or

(g)    shift the burden of proving that Discovery Material is Confidential or Highly Confidential from the Producing Party.

20.    Subject to the receiving party's right to object or raise arguments regarding waiver, this Protective Order has no effect upon, and shall not apply to, the parties' use of their own Protected Material for any purpose. Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials or the information designated as Confidential or Highly Confidential obtained lawfully by such party independently of the discovery proceedings in this Action.

21.    If the Producing Party of any Protected Material notifies the receiving party in writing that documents or other information have been inadvertently disclosed that the Producing Party believes in good faith to be subject to a claim of privilege, including but not limited to attorney-client privilege or attorney work product, Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B) shall apply. Such notice shall include a privilege log that complies with Federal Rule of Civil Procedure 26(b)(5)(A). The parties shall meet and confer concerning the disclosed

material within seven (7) days after the Producing Party notifies the receiving party in writing by hand delivery, overnight delivery, or e-mail (which e-mail shall be considered delivered when sent) of the inadvertent disclosure. The party or parties returning, sequestering, or destroying such material may then present the information to the Court under seal within fifteen (15) business days of the meet-and-confer for a determination of the claim.

22.     The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Action, including without limitation any appeals, subject to the rules of any appellate court which may override this Protective Order in any or all respects. Unless otherwise ordered or agreed to in writing by the Producing Party, within sixty (60) calendar days after the final termination of the Action by settlement or exhaustion of all appeals, all parties in receipt of Protected Material shall use reasonable efforts to either return such materials and copies thereof to the Producing Party or destroy such Protected Material. The receiving party's reasonable efforts shall not require the return or destruction of Protected Material that: (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) is located in the email archive system or archived electronic files of departed employees; or (iii) is subject to legal hold obligations. Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Material, but such retained information shall continue to be

16

treated in accordance with the Protective Order. Counsel for the parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), expert reports and attorney work product that contain or refer to Protected Materials, provided that such counsel and employees of such counsel shall not disclose such Protected Material to any person, except pursuant to court order.

23.     In the event that Protected Material is used in any court proceeding in the Action or any appeal, the Protected Material shall retain its status as Protected Material through such use, except: (i) to the extent ordered otherwise by the Court; or (ii) to the extent such Protected Material becomes part of the public record in the Action. Counsel shall confer in good faith on procedures that may be necessary or advisable to protect the confidentiality of any documents, information, or transcripts used in the course of any court proceedings. If the parties cannot agree on an approach, the matter shall be presented to the Court for disposition.

24.     If any person receiving documents covered by this Protective Order is subpoenaed in another action or proceeding or is served with a document demand or other request under law (a "subpoena"), and such subpoena seeks Protected Material produced or designated by someone other than the receiving party, the receiving party shall:

(a)     give written notice by hand delivery, overnight delivery, or e-mail (which e-mail shall be considered delivered when sent) promptly,

17

and in no event later than five (5) business days after receipt of such subpoena, to those who produced or designated the Protected Material; and

(b)     except as ordered otherwise by a court of competent jurisdiction, refrain from producing any Protected Material in response to such subpoena until the earlier of: (i) receipt of written notice from the Producing Party that such party does not object to production of the Protected Material; or (ii) resolution of any objection asserted by the Producing Party either by agreement or by order of a court with jurisdiction over the objection of the Producing Party.

The burden of opposing the enforcement of the subpoena shall fall solely upon the party who produced or designated the Protected Material.   Notwithstanding the foregoing, unless the party who produced or designated the Protected Material submits a timely objection seeking an order that the subpoena or demand need not be complied with, and serves such objection upon the subpoenaed part by hand delivery, overnight delivery, or e-mail (which email shall be considered delivered when sent) prior to the production date required pursuant to the subpoena, the subpoenaed person shall be permitted to produce documents responsive to the subpoena on the subpoena response date.   Compliance by the subpoenaed person with any order directing production pursuant to the subpoena of any Protected Material shall not constitute a violation of this Protective Order, provided that the notice required by this Paragraph has been

18

Case 2:13-cv-02607-SVW-E Document 90-1 Filed 10/21/14 Page 19 of 21 Page ID #:1862

satisfied. Nothing herein shall be construed as requiring the subpoenaed person or anyone else covered by this Protective Order to challenge or appeal any order directing production of Protected Material covered by this Protective Order, or to subject himself or itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the Court.

25.     This Protective Order does not constitute waiver by any party of any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed herein. Similarly, no party waives any right to object on any ground to use in evidence of any of the materials covered by this Protective Order.

26.     Nothing in this Protective Order shall require any party to violate any duty or obligation that it has under law to preserve documents or other materials.

27.     The parties agree to be bound by the terms of this Protective Order even prior to entry of this Protective Order by the Court. This Protective Order applies to all Discovery Material produced in the Action, whether produced before or after the entry of this Protective Order and whether produced by a party or non-party.

28.     This Protective Order may be changed only by further agreement of all parties in writing or by order of the Court, and is without prejudice to the rights of any party to seek modification of this Protective Order by application to the Court on notice to the other parties hereto.

29.     This Protective Order, and production of documents with or without confidentiality designations hereunder, does not waive any obligations or duties of the

19

1  parties or their counsel to otherwise maintain the confidence of information or

2  materials in their possession.

3

4      30.    Nothing in this Protective Order shall preclude any party from seeking

5  judicial relief, in good faith and upon notice to the other parties, with regard to any

6  provision hereof.

7

8      31.    The parties shall meet and confer regarding modifications to this

9  Protective Order regarding the treatment of Discovery Material or Protected Material

10  during trial. Provisions for such modification and treatment of Discovery Material or

11  Protected Material, if necessary, shall be addressed by the parties with the Court and

12  documented in a pretrial order.

13

14      32.    This Protective Order may be signed by fax or PDF signature and may

15  be signed in one or more counterparts, each of which shall be deemed to constitute an

16  original, but all of which together shall constitute one agreement.

17

18  IT IS SO ORDERED.

19  Dated: *10/21/14*

20

21

22      Hon. ~~Stephen V. Wilson~~ *Charles F. Eick*

23      United States ~~District Judge~~
         *Magistrate Judge*

24

25

26

27

28

                              20

[PROPOSED] PROTECTIVE ORDER                    MASTER FILE NO. 2:13-cv-02607-SVW-E

# EXHIBIT "A"

## NON-DISCLOSURE CERTIFICATE

I hereby certify my understanding that Protected Materials are being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in the action entitled *David M. Loritz v. Exide Technologies, et al.,* in the United States District Court for the Central District of California, Case No. 13-cv-02607-SVW-E. I have been given a copy of that order and have read it.

I agree to be bound by all terms and conditions of that Protective Order. I will not reveal the Confidential or Highly Confidential information to anyone, except as the Protective Order allows. I hereby consent to the jurisdiction of the United States District Court, Central District of California, for the purpose of enforcing the Protective Order.

Dated: _____

_____
Signature

_____
Printed Name

_____
Address

_____
City/State/Zip

_____
Telephone Number

[PROPOSED] PROTECTIVE ORDER                                MASTER FILE NO. 2:13-cv-02607-SVW-E