GREEN & NOBLIN, P.C.
James R. Noblin
4500 East Pacific Coast Highway
Fourth Floor
Long Beach, California 90804
Tel: (562) 391-2487
jrn@classcounsel.com
*Liaison Counsel for Plaintiffs*

William B. Federman (admitted *pro hac vice*)
A. Brooke Murphy (admitted *pro hac vice*)
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: 405-235-1560
Facsimile: 405-239-2112
wbf@federmanlaw.com
*Lead Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. LORITZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EXIDE TECHNOLOGIES, et al.,<br><br>Defendants. | Master File No. 2:13-cv-02607-SVW-E<br><br><u>CLASS ACTION</u><br><br>DISCOVERY MATTER<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR REVIEW AND RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER OF OCTOBER 19, 2015**<br><br>Judge: Hon. Stephen V. Wilson<br>Date/Time: December 7, 2015 at 1:30<br>Place: Courtroom 6<br>Discovery Cut-Off Date: (none set)<br>Pretrial Conference Date: Jan. 4, 2016<br>Trial Date: Jan. 19, 2016 |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER**

MASTER FILE NO. 2:13-cv-02607-SVW-E

# TABLE OF CONTENTS

**CONTENTS**

I.    INTRODUCTION ...................................................................................................... 1

    A.    Background Facts ......................................................................................... 1

    B.    The Claims and Defenses at Issue in the Case ....................................... 3

II.    ARGUMENT AND AUTHORITIES ...................................................................... 5

    A.    Legal Framework ........................................................................................ 5

        1. Standard of Review ................................................................................ 5

        2. Attorney-Client Privilege .................................................................... 6

        3. Work Product or Trial Preparation "Privilege" ..................................... 8

    B.    The Magistrate erred in denying Plaintiffs' Motion to Compel. ........... 8

        1. The Categories of Documents at Issue ..................................................... 8

        2. The Attorney-Client Privilege does not apply ..................................... 10

        3. The Work Product Doctrine or Trial Preparation "Privilege" should not shield the documents and information from discovery. ................ 14

        4. Alternatively, if the Court does not order production of the documents, a jury instruction is needed. ............................................. 17

III.    CONCLUSION ....................................................................................................... 17

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR**
**RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER**

MASTER FILE NO. 2:13-cv-02607-SVW-E

# TABLE OF AUTHORITIES

**CASES**

*Admiral Ins. Co. v. United States Dist. Court,*
    881 F.2d 1486 (9th Cir. 1989) .................................................................................8

*Apple, Inc. v. Samsung Electronics Co., Ltd.,*
    306 F.R.D. 234 (N.D. Calif. 2015) ...............................................................10, 11, 13

*Apple, Inc.,*
    888 F.Supp.2d ........................................................................................................17

*Binder v. Gillespie,*
    184 F.3d 1059 (9th Cir. 1999) .................................................................................3

*Clarke v. American Commerce Nat'l Bank,*
    974 F.2d 127 (9th Cir. 1992) .............................................................................6, 7

*Clavo v. Zarrabian,*
    2003 WL 24272641 (C.D. Cal. Sept. 24, 2003) ..................................................16

*Daou Systems, Inc.,*
    441 F.3d 1006 (9th Cir. 2005) .................................................................................3

*Doubleday v. Ruh,*
    149 F.R.D. 601 (E.D. Cal. 1993) ..............................................................................8

*Duck v. Warren,*
    160 F.R.D. 80 (E.D. Vir. 1995) ...............................................................................16

*Federal Sav. & Loan Ins. Corp. v. Commonwealth Land Title Ins. Co.,*
    130 F.R.D. 507 (D. D.C. 1990) .................................................................................5

*Fisher v. United States,*
    425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976) .......................................6, 7

*Friends of Hope Valley v. Frederick Co.,*
    268 F.R.D. 643 (E.D. Cal. 2010) ...........................................................................10

*Gargano v. Metro-North,*
    222 F.R.D. 38 (D. Conn. 2004) ..............................................................................16

*Green v. Baca,*
    2004 WL 1151649 (C.D. Cal. May 19, 2004)......................................................15

*Herman & MacLean v. Huddleston,*
    459 U.S. 375 (1983) ...................................................................................................3

*Hickman v. Taylor,*
    329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) ..............................................8

*Hollins v. Powell,*
    773 F.2d 191 (8th Cir. 1985) ...................................................................................7

*Holmgren v. State Farm Mut. Auto. Ins. Co.,*
    976 F.2d 573 (9th Cir. 1992) ...................................................................................8

*Home Indemnity Co. v. Lane Powell Moss and Miller,*
    43 F.3d 1322 (9th Cir.1995) ...........................................................................12, 13

*In re Stac Elecs. Sec. Litig.,*
    89 F.3d 1399 (9th Cir.1996) ......................................................................................3

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER**   MASTER FILE NO. 2:13-cv-02607-SVW-E

*Kintera, Inc. v. Convio, Inc.,*
219 F.R.D. 503 (S.D. Cal. 2003) ............................................................... 16

*Lipton v. Superior Ct.,*
48 Cal.App.4th 1599, 56 Cal.Rptr.2d 341 (1996) ................................... 6

*Matter of Fischel,*
557 F.2d 209 (9th Cir. 1977) ................................................................... 12

*Nutmeg Ins. Co. v. Atwell, Vogel & Sterling,*
120 F.R.D. 504 (W.D. La. 1988) ............................................................... 8

*Residential Funding Corp. v. DeGeorge Financial Corp.,*
306 F.3d 99 (2nd Cir. 2002) .................................................................... 17

*Rockwell Intern., Inc. v. Pos-A-Traction Industries, Inc.,*
712 F.2d 1324 (9th Cir. 1983) ................................................................... 5

*Safeco Ins. Co. of America v. M.E.S., Inc.,*
289 F.R.D. 41 (E.D.N.Y. 2011) ............................................................... 10

*Saxholm AS v. Dynal, Inc.,*
164 F.R.D. 331 (E.D.N.Y. 1996) ............................................................... 7

*Southern California Hous. Rights Ctr. v. Los Feliz Towers Homeowners
Ass'n,*
No. CV 04-2716-CBM(CTX), 2005 WL 3954720 (C.D. Cal. Apr. 25,
2005) .......................................................................................................... 10

*Thought, Inc. v. Oracle Corp.,*
No. 12-CV-05601-WHO MEJ, 2014 WL 3940294 (N.D. Cal. Aug.
11, 2014) ................................................................................................... 15

*U.S. v. Richey,*
632 F.3d 559 (9th Cir. 2011) ................................................................... 15

*United States v. Blackman,*
72 F.3d 1418 (9th Cir. 1995) ..................................................................... 7

*United States v. City of Torrance,*
163 F.R.D. 590 (C.D. Cal. 1995) ............................................................... 8

*United States v. Gray,*
876 F.2d 1411 (9th Cir. 1989) ................................................................... 7

*United States v. Harrelson,*
754 F.2d 1153 (5th Cir. 1985) ................................................................... 7

*United States v. McConney,*
728 F.2d 1195 (9th Cir. 1984) ................................................................... 5

*Upjohn Co. v. U.S.,*
449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981) ........................... 12

*Weil v. Investment/Indicators Research & Management, Inc.,*
647 F.2d 18 (9th Cir. 1981) ....................................................................... 7

*Wolpin v. Philip Morris Inc.,*
189 F.R.D. 418 (C.D.Cal. 1999) ............................................................... 5

*Young v. United Parcel Service,*
88 F.R.D. 269 (D.S.D. 1980) ................................................................... 16

iii

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR**     MASTER FILE NO. 2:13-cv-02607-SVW-E
**RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER**

**STATUTES**

28 U.S.C. § 636(b)(1)(A) ................................................................................................5

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER**

MASTER FILE NO. 2:13-cv-02607-SVW-E

On September 22, 2015, Plaintiffs[1] moved for an order of the court compelling Defendants[2] to produce certain documents and information that Defendants have withheld based upon claims of attorney-client privilege and/or work-product doctrine. *Notice of Motion and Motion to Compel the Production of Documents*, filed 09/22/2015, Dkt. No. 135, ("the Motion"). On October 16, 2015, Magistrate Judge Charles F. Eick heard arguments on the Motion and took it under advisement. *Civil Minutes-General*, filed 10/16/2015, Dkt. No. 156. *See also Hearing Transcript*, Exhibit "A" hereto. On October 19, 2015, Magistrate Judge Eick denied the Motion without explanation for why he did so. *Civil Minutes-General*, filed 10/19/2015, Dkt. No. 157. Plaintiffs now move the Court, pursuant to L. R. 72-2.1, to set aside the Magistrate Judge's ruling on the grounds that it is clearly erroneous and/or contrary to law.

## I.      INTRODUCTION

### A.      Background Facts

Exide produces, recycles, and distributes lead-acid batteries. *Amended Complaint* at ¶2.[3] Throughout the Class Period, June 1, 2011 through May 24, 2013, Exide Technologies' ("Exide" or the "Company") Vernon, California battery recycling facility was emitting extremely high (and noncompliant) levels of arsenic, was maintaining a

---

[1] "Plaintiffs" refers to Plaintiffs James Cassella ("Cassella"), Sandra Weitsman ("Weitsman"), James Close ("Close"), Kevin Grace ("Grace"), Steamfitters' Industry Benefit Fund ("Steamfitters' Fund") and Mitchell Abel ("Abel").

[2] "Defendants" refers to James R. Bolch ("Bolch"), Phillip A. Damaska ("Damaska"), R. Paul Hirt ("Hirt"), Louis E. Martinez ("Martinez"), John P. Reilly ("Reilly"), Herbert F. Aspbury ("Aspbury"), Michael R. D'Appolonia ("D'Appolonia"), David S. Ferguson ("Ferguson"), John O'Higgins ("O'Higgins"), and Dominic J. Pileggi ("Pileggi").

[3] "*Amended Complaint*" refers to the *First Amended Consolidated Complaint for Violations of the Federal Securities Laws*, filed 01/30/2014, Dkt. No. 72.

1

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR**          MASTER FILE NO. 2:13-cv-02607-SVW-E
**RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER**

noncompliant piping system, and was leaking hazardous materials into the groundwater and Los Angeles River. *Id.* at ¶¶ 3-20, 64-116. Despite their knowledge that the Vernon plant was emitting non-compliant levels of pollutants, Defendants did not disclose the severity of the problems, or the costs associated with the clean-up and remediation of the Exide facility and the surrounding area in its periodic filings with the Securities and Exchange Commission "SEC", *id.* at ¶¶ 5-6, 117, 119, 121, 123, 130, 135 and 137, or in conference calls with analysts and investors, *id.* at ¶¶ 28, 127-129 during the Class Period,. Similarly, Defendants issued materially false or misleading statements that failed to disclose the Company's significant liquidity concerns, which were exacerbated by stricter environmental standards requiring greater capital expenditures from Exide.

The truth about Exide's environmental violations, its liquidity problems, and the materialization of the undisclosed risks associated with same, was revealed through other sources. *Id.* at ¶¶ 7-8, 10, 196-205. On April 4, 2013, the *Los Angeles Times* published an article discussing the Exide Vernon facility's March 22, 2013 notice of violation from California's South Coast Air Quality Management District ("SCAQMD") for toxic air emissions that posed a greater cancer risk to residents of Southern California than any of the more than 450 facilities SCAQMD has regulated in its 25-year history. *Id.* at ¶¶ 3, 7. Also on April 4, it was reported that Exide had hired financial advisors and lawyers to advise the Company on financial restructuring. *Id.* at ¶8. Risks associated with these undisclosed events further materialized on April 25, 2013 when Exide announced that it had received an administrative order from the Department of Toxic Substances Control

2

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER**          MASTER FILE NO. 2:13-cv-02607-SVW-E

("DTSC") requiring Exide to suspend its operations at Vernon, California. *Id.* at ¶ 10. On May 24, 2013, *Debtwire.com* reported that Exide was in talks with bankers regarding debtor in possession financing that would fund the Company while in Chapter 11 bankruptcy. *Id.* at ¶ 12. Once the foregoing facts were finally disclosed, the price of Exide's shares fell from $2.61 per share on April 4, 2013 to $0.45 per share on May 24, 2013, a drop of more than 82%. *Id.* ¶¶ 9, 11, 13.

### B. The Claims and Defenses at Issue in the Case

Plaintiffs assert claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Sections 11 and 15 of the Securities Act of 1933 ("Securities Act"), alleging Exide's management and members of its Board of Directors failed to disclose material information about Exide's environmental violations and financial performance. To prove their Exchange Act claims, Plaintiffs must show: (1) the misrepresentation or omission of a material fact; (2) reliance; (3) scienter; and (4) damages. *See Binder v. Gillespie*, 184 F.3d 1059, 1063 (9th Cir. 1999). To establish scienter, a complaint must "allege that the defendants made false or misleading statements either intentionally or with deliberate recklessness." *In re Daou Systems, Inc.*, 441 F.3d 1006, 1014-15 (9th Cir. 2005). In contrast, for Securities Act claims, "[n]o scienter is required for liability under § 11; defendants will be liable for innocent or negligent material misstatements or omissions." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403–04 (9th Cir.1996) (*citing Herman & MacLean v. Huddleston*, 459 U.S. 375, 382 (1983)).

3

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER**          MASTER FILE NO. 2:13-cv-02607-SVW-E

Here, Plaintiffs have alleged that Defendants intentionally or with deliberate recklessness made statements in Exide's regulatory filings and in statements issued by or on behalf of Exide that were materially false and misleading. *Amended Complaint* at ¶¶ 160-182, 227-233. Additionally, or alternatively, Plaintiffs allege that Defendants made the misrepresentations negligently, in violation of the Securities Act. Defendants deny these allegations. *Answer* at ¶¶ 160-182; ¶¶ 213-226. Accordingly, among the key issues in this case is whether Defendant knew or should have known that the statements made by or on behalf of Exide were materially false and misleading and when they knew it.

Plaintiffs have sought discovery from Defendants and third-parties which would show *what* and *when* Defendants knew about the environmental issues at the Vernon plant and the Company's liquidity problems. Defendants, however, have withheld thousands of otherwise relevant and discoverable documents based upon assertions of privilege. Following the failure of extended good faith discussions, and several revisions of Defendants' privilege logs, Plaintiffs challenged Defendants' privilege assertions and sought to compel the production of the withheld documents through the Motion. Plaintiffs asserted that Defendants' privilege log includes generic and questionable entries that fail to satisfy their burden of proof to establish the applicability of the claimed privileges and, even if they did, Defendants had waived said privileges and/or good cause existed to require the documents production. Nevertheless, without explanation, the Magistrate Judge denied the Motion and refused to compel Defendants

4

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR**          MASTER FILE NO. 2:13-cv-02607-SVW-E
**RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER**

to produce the requested documents.  Plaintiffs now request that the Magistrate Judge's order be set aside and Defendants compelled to produce the requested documents.

## II.   ARGUMENT AND AUTHORITIES

### A.   Legal Framework

#### 1.   Standard of Review

"Where a magistrate is designated to hear a discovery motion, '[a] judge of the court may reconsider any pretrial matter… where it has been shown that the magistrate's order is clearly erroneous or contrary to law'."  *Rockwell Intern., Inc. v. Pos-A-Traction Industries, Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983) (*quoting* 28 U.S.C. § 636(b)(1)(A)).  *See also* FED.R.CIV.P. 72(a) (A magistrate judge's discovery order may be modified or set aside if it is "clearly erroneous or contrary to law").  The magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed *de novo* to determine whether they are contrary to law.  *United States v. McConney*, 728 F.2d 1195, 1200–1201 (9th Cir. 1984) (overruled on other grounds by *Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991)).  The clear error standard allows the court to overturn a magistrate's factual determinations if the court reaches a "definite and firm conviction that a mistake has been committed."  *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D.Cal. 1999) (citing *Federal Sav. & Loan Ins. Corp. v. Commonwealth Land Title Ins. Co.*, 130 F.R.D. 507 (D. D.C. 1990)).

In the Motion, which the Magistrate Judge denied, Plaintiffs challenged Defendants' withholding of documents based upon assertions of attorney-client privilege

5

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER**

MASTER FILE NO. 2:13-cv-02607-SVW-E

and/or the attorney work-product doctrine or trial preparation "privilege." With respect to discovery matters, the general rule is that a party may obtain discovery regarding non-privileged matters that are relevant to any party's claims or defenses. FED. R. CIV. P. 26(b)(1). A party may obtain documents designated as work product if they are "otherwise discoverable" and the party has "substantial need" for it and cannot, without "undue hardship," obtain the "substantial equivalent" by other means. FED. R. CIV. P. 26(b)(3)(A). Where, as here, relevant (and otherwise discoverable) documents and material things have been withheld based upon a claim of work product, the Court must determine whether the asserted protection actually applies and, if even it does, whether the documents and information might, nonetheless, be discoverable. *See e.g. Lipton v. Superior Ct.*, 48 Cal.App.4th 1599, 56 Cal.Rptr.2d 341, 252-353 (1996). Although providing essentially no explanation for the order in denying same, the Magistrate Judge must have concluded that the claimed privileges did, in fact, apply and/or that no exception, waiver, or other policy consideration should, nonetheless, compel their production. By this Motion, Plaintiffs ask the Court to find that the Magistrate Judge erred as a matter of law and facts in denying the Motion and thus set aside the Magistrate Judge's October 19, 2015 ruling.

### 2. Attorney-Client Privilege

Under the attorney-client privilege, "[c]onfidential disclosures by a client to an attorney made in order to obtain legal assistance are privileged." *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976); *Clarke v. American*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER**     MASTER FILE NO. 2:13-cv-02607-SVW-E

*Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992).  Because the attorney-client privilege is in derogation of the search for truth, it is "narrowly and strictly construed." *United States v. Gray*, 876 F.2d 1411, 1415 (9th Cir. 1989), *cert. denied*, 495 U.S. 930, 110 S.Ct. 2168, 109 L.Ed.2d 497 (1990); *Weil v. Investment/Indicators Research & Management, Inc.*, 647 F.2d 18, 24 (9th Cir. 1981); *see also Fisher*, 425 U.S. at 403, 96 S.Ct. at 1569 (holding that since attorney-client privilege "has the effect of withholding relevant information from the factfinder, it applies only where necessary to achieve its purpose"). ***The burden of establishing that the attorney-client privilege applies rests with the party asserting the privilege***. *United States v. Blackman*, 72 F.3d 1418, 1423 (9th Cir. 1995), *cert. denied*, 519 U.S. 911, 117 S.Ct. 275, 136 L.Ed.2d 198 (1996); *Clarke*, 974 F.2d at 129.  Moreover, an assertion of privilege without evidence to support it will not prevail.  *Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir. 1985), *cert. denied*, 475 U.S. 1119, 106 S.Ct. 1635, 90 L.Ed.2d 181 (1986); *United States v. Harrelson*, 754 F.2d 1153, 1167 (5th Cir. 1985), *cert. denied*, 474 U.S. 908, 106 S.Ct. 277, 88 L.Ed.2d 241 (1985) and 474 U.S. 1034, 106 S.Ct. 599, 88 L.Ed.2d 578 (1985); s*ee also Saxholm AS v. Dynal, Inc.*, 164 F.R.D. 331, 333 (E.D.N.Y. 1996) (meeting the burden of establishing the applicability of the attorney-client privilege "requires the submission of affidavits or other competent evidence to establish sufficient facts to prove the applicability of the privilege. Conclusory or ipse dixit assertions are not enough.") (citations omitted).

7

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR**          MASTER FILE NO. 2:13-cv-02607-SVW-E
**RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER**

### 3. Work Product or Trial Preparation "Privilege"

Under the work product doctrine, material obtained and prepared by an attorney or the attorney's agent in anticipation of litigation or preparation for trial may be immune from discovery. FED. R. CIV. P. 26(b)(3); *Hickman v. Taylor*, 329 U.S. 495, 509–12, 67 S.Ct. 385, 392–94, 91 L.Ed. 451 (1947). One of the primary purposes of the work product doctrine is to prevent one party from exploiting the other party's efforts to prepare for litigation. *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 576 (9th Cir. 1992); *Admiral Ins. Co. v. United States Dist. Court*, 881 F.2d 1486, 1494 (9th Cir. 1989). The work product doctrine establishes a qualified immunity, rather than a privilege, and the qualification of the immunity is to be determined upon a showing of necessity or good cause. *Admiral Ins. Co.*, 881 F.2d at 1494; *Doubleday v. Ruh*, 149 F.R.D. 601, 605 n. 3 (E.D. Cal. 1993). ***The party claiming work product immunity has the burden of proving the applicability of the doctrine***. *United States v. City of Torrance*, 163 F.R.D. 590, 593 (C.D. Cal. 1995); *Nutmeg Ins. Co. v. Atwell, Vogel & Sterling*, 120 F.R.D. 504, 510 (W.D. La. 1988).

### B. The Magistrate erred in denying Plaintiffs' Motion to Compel.

#### 1. The Categories of Documents at Issue

Among the documents that Defendants withheld based upon a claim of privilege are:

- Documents attached to correspondence with an attorney;

- Large portions of Board Meeting minutes;

8

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR**      MASTER FILE NO. 2:13-cv-02607-SVW-E
**RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER**

- Internal Exide documents relating to alleged actual or threatened legal or regulatory action;

- Documents sent to or received from Defendants' environmental consultants, Environ and GeoServices which predate this litigation by years; and

- Documents sent to or received from Exide's accounting firm, PriceWaterhouseCooper (PwC").

Each of these documents contains information about what Defendants knew and when they knew it. For example, Defendants state in their March 31, 2011 Form 10-K:

> The Company cannot be certain that it has been, or will at all times be, in complete compliance with all environmental requirements, or that the Company will not incur additional material costs or liabilities in connection with these requirements in excess of amounts it has reserved. …The Company has made and will continue to make expenditures to comply with environmental requirements…
>
> * * *
>
> While the ultimate outcome of the environmental matters described in this paragraph is uncertain, the Company presently believes the resolution of these known environmental matters, individually and in the aggregate, will not have a material adverse effect on the Company's financial condition, cash flows or results of operations.

*Amended Complaint* at ¶¶ 117, 118. Plaintiffs, however, allege that these statements are untrue and/or misleading. *Id.* at ¶¶ 119, 120. Among the documents that Defendants withheld based upon a claim of privilege are a large number of internal documents and documents with third-parties pre-dating this disclosure that are described broadly as containing or relating to legal advice regarding "environmental liability, hearing or legal action." *See Excerpts from Exide Privilege Logs*, Exhibit "B" hereto. *See also* Exhibits

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER**   MASTER FILE NO. 2:13-cv-02607-SVW-E

1-3 and 10-11 to the *Declaration*.[4] Such vague descriptions, as defendants have provided on their privilege logs, are insufficient to sustain their claims of privilege. *See, e.g., Joint Stipulation* at 17-19; *Friends of Hope Valley v. Frederick Co.*, 268 F.R.D. 643, 651 (E.D. Cal. 2010) (finding that party is obligated to "provide a description of each communication or document withheld with sufficient detail that [opposing party] can readily assess the claim of privilege"); *see also Southern California Hous. Rights Ctr. v. Los Feliz Towers Homeowners Ass'n*, No. CV 04-2716-CBM(CTX), 2005 WL 3954720, at *4 (C.D. Cal. Apr. 25, 2005) ("[I]t is impossible to ascertain from defendants' privilege log whether defendants' claims of attorney-client privilege and/or work product are valid."); *Safeco Ins. Co. of America v. M.E.S., Inc.*, 289 F.R.D. 41, 47 (E.D.N.Y. 2011) ("The vast majority of the descriptive portions of the log do not set forth specific facts that establish the elements of the attorney-client privilege or work-product doctrine and rely on conclusory assertions of the claims.").

### 2.    The Attorney-Client Privilege does not apply.

The party asserting the privilege bears the burden of establishing all necessary elements. *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 306 F.R.D. 234, 237-238 (N.D. Calif. 2015). In particular, a party asserting privilege must "describe the nature of the documents ... in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *Id.* The most common way to do this is

---

[4] "*Declaration*" refers to *Declaration of A. Brooke Murphy in Support of Notice of Motion and Motion for Order for Production of Documents Motion*, filed 09/22/2014, Dkt. No. 138.

10

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR          MASTER FILE NO. 2:13-cv-02607-SVW-E
RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER**

with a privilege log.  In the Ninth Circuit, a privilege log must identify "(a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated." *Id.*  While failure to substantiate privilege in a log may waive the privilege, if such claims are adequately supported, claims of privilege may pass muster despite an inadequate privilege log. *Id.*  Briefs, declarations or other proof may establish the purpose of the communication or the specific role of the sender and each individual recipient. *Id.*  *In camera* review, often a court's last resort, also may enlighten the court's assessment of any privilege associated with the documents. *Id.*

First, as Plaintiffs point out in the Joint Stipulation on Plaintiffs' Motion to Compel Production of Documents (Dkt. No. 136) ("Joint Stipulation"), Defendants have not met their burden of making a prima facie showing that each of the thousands of documents they have withheld on the basis of privilege is, in fact, entitled to such protection.  Indeed, with many of the documents for which Defendants have claimed a privilege, Defendants would be unable to demonstrate privilege entitlement.  For example, Defendants have claimed the attorney-client privilege with regard to hundreds of documents that are simply described as having been "attached to email seeking legal advice regarding strategies or analyses related to testing equipment or resolving potential environmental issues in connection with inquiry by regulators." *See Revised Excerpt from Exhibit 1 to*

11

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR**          MASTER FILE NO. 2:13-cv-02607-SVW-E
**RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER**

*Declaration*, Exhibit "C" hereto (yellow highlighted entries). *See also* Exhibits 1-3 and 10-11 to the *Declaration*. However, factual information does not become privileged simply because it is provided to an attorney. *Upjohn Co. v. U.S.*, 449 U.S. 383, 395, 101 S.Ct. 677, 685, 66 L.Ed.2d 584 (1981) ("The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney"). The Ninth Circuit has held:

> The privilege does not extend, however, beyond the substance of the client's confidential communications to the attorney. It will not conceal everything said and done in connection with an attorney's legal representation of a client in a matter. ***An attorney's involvement in, or recommendation of, a transaction does not place a cloak of secrecy around all the incidents of such a transaction.***

*In the Matter of Fischel*, 557 F.2d 209, 211-212 (9th Cir. 1977) (internal citations omitted) (emphasis added). Accordingly, the Magistrate Judge erred in refusing to grant the Motion with regard to these certain documents.

Second, even if Defendant had or could make a prima facie showing of privilege for the documents that are the subject of the Motion, they are, nonetheless, discoverable because the privilege has been waived. An implied waiver of the attorney-client privilege occurs when: (1) the party asserts the privilege as a result of an affirmative act, such as filing suit; (2) through the affirmative act, the asserting party puts the privileged information at issue; and (3) allowing the privilege would deny the opposing party access to information vital to its claim or defense. *Home Indemnity Co. v. Lane Powell Moss and Miller*, 43 F.3d 1322, 1326 (9th Cir.1995). Of paramount importance is whether allowing

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER**     MASTER FILE NO. 2:13-cv-02607-SVW-E

the privilege to protect against disclosure of the information would be manifestly unfair to the opposing party. *Id.* Further, a party cannot withhold privileged documents when the party raises a claim or defense that puts the privileged communication at issue, discloses the documents to unrelated parties or discloses portions of privileged documents. *Apple, Inc.*, 306 F.R.D. at 239.

As the Northern District of California has noted:

> The principle purpose of the doctrine of waiver is "to protect against the unfairness that would result from a privilege holder selectively disclosing privileged communications to an adversary, revealing those that support the cause while claiming the shelter of the privilege to avoid disclosing those that are less favorable." Even where there is no disclosure, fairness requires a waiver when the privilege holder raises a claim or defense that puts privileged communications at issue. "The principle is often expressed in terms of preventing a party from using the privilege as both a shield and a sword.... In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials. The party asserting the claim is said to have implicitly waived the privilege."
>
> * * *
>
> While "privileged communications do not become discoverable simply because they are related to issues raised in the litigation," "[w]here a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived."

*Apple, Inc.*, 306 F.R.D. at 241-242 (internal citations omitted). Waiver may occur through the assertion of affirmative defenses that put the privileged communications at issue. *Id.*

In defense of this action, Defendants assert that they were unaware of the problems or the severity of the problems with the Vernon plant thus their statements, such as those discussed above, were not intentionally false or misleading. *See Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss Plaintiffs' Consolidated*

13

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER**          MASTER FILE NO. 2:13-cv-02607-SVW-E

*Second Amended Complaint,* Dkt. No. 76. Plainly, knowing *what* Defendants knew and *when* they knew it is key to proving Plaintiffs' allegations and/or Defendants' defenses in this case. Defendants, however, have claimed attorney-client privilege with regard to documents containing/seeking/reflecting "legal advice regarding strategies or analyses related to testing equipment or resolving potential environmental issues in connection with inquiry by regulators" and containing/seeking/reflecting "legal advice regarding assessments or consultations related to notice of alleged environmental liability, hearing, or legal action." *See* Exhibit "C" (blue highlighted entries). *See also* Exhibits 1-3 and 10-11 to the *Declaration.* These documents, no doubt, reflect what Defendants knew, when they knew it and, perhaps, why they did not disclose it. Refusing to permit discovery of these documents unfairly prejudices Plaintiffs and prohibits Plaintiffs from obtaining evidence that would likely refute Defendants' assertions that they did not know the extent of the problems at the Vernon plant or the costs and consequences of those problems and remediation required for the plant or the surrounding area. Accordingly, the Magistrate Judge's order should be set aside and the documents relating to environmental, legal and/or regulatory issues at the Vernon plant should be produced.

### 3. The Work Product Doctrine or Trial Preparation "Privilege" should not shield the documents and information from discovery.

Defendants have not met their burden of showing that each of the thousands of documents they withheld on the basis of the work product doctrine or trial preparation "privilege" is, in fact, entitled to such protection. In fact, many are not. Many of the

14

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER**          MASTER FILE NO. 2:13-cv-02607-SVW-E

documents withheld on this basis relate to Defendants' ordinary business and were not, contrary to Defendants' assertion, created in anticipation of litigation. *See e.g.* Exhibit "C" (pink highlighted entries). For example, documents from or relating to PwC, Defendants' accounting firm, were created for ordinary business purposes and not in anticipation of litigation. *See e.g. U.S. v. Richey*, 632 F.3d 559, 567-568 (9th Cir. 2011). Similarly, documents from or relating to Exide's environmental consultants, Environ and GeoServices, are also not entitled to work-product protection because, in Defendants' field, dealing with environmental and regulatory concerns is part of its ordinary business. *See Excerpts from the Deposition of Patrick Curran*, Exhibit "E" hereto. As such, the burden falls on Defendants to show that the documents are, nevertheless, entitled to protection. *See United States v. Richey*, 632 F.3d 559, 568 (9th Cir. 2011) (holding that to receive work product protection for documents created by employees or consultants, the *burden is on the party claiming the privilege* to establish that "the document was created because of anticipated litigation, and would not have been created in substantially similar form ***but for*** the prospect of litigation.") (quoting *Torf,* 357 F.3d at 908) (emphasis added); *see, e.g., Thought, Inc. v. Oracle Corp*., No. 12-CV-05601-WHO MEJ, 2014 WL 3940294, at *3 (N.D. Cal. Aug. 11, 2014) (finding that claimed attorney work product documents related to patent investigations and evaluations were discoverable in that "[t]he interests of the parties were thus commercial and not eligible for common-interest privilege"); *Green v. Baca*, 2004 WL 1151649, at *5 (C.D. Cal. May 19, 2004) (finding that privilege does not apply to "investigative report developed

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER**       MASTER FILE NO. 2:13-cv-02607-SVW-E

in the ordinary course of business"); *Clavo v. Zarrabian*, 2003 WL 24272641, at \*2 (C.D. Cal. Sept. 24, 2003) ("There is no protection for documents prepared in the ordinary course of business, even if they may be useful in litigation."); *see also Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503, 507 (S.D. Cal. 2003) (holding that for document to be privileged it must be one "that would not have been generated but for the pendency or imminence of litigation"). Defendants failed to meet their burden to demonstrate work product protections.

Alternatively, considering the nature of the claims and defenses in this case, Plaintiffs have "substantial need" of the documents because they show precisely what Defendants knew of the problems at the Vernon facility and Plaintiffs cannot obtain their substantial equivalent elsewhere. *See e.g.* FED. R. CIV. P. 26(b)(3). The redacted Board Minutes or Board Committee Minutes are perfect example of this. Apparently, concerns about possible legal or regulatory action were significant enough that they were brought up and discussed by the Board. (*Excerpts of Board Minutes*, Exhibit "D" hereto). Defendants' knowledge (or professed lack thereof) is key in this case but Defendants withhold information about what *precisely* was discussed by Board members. Where, as here, the supposedly privileged documents may show contradictory testimony or assertions by the party, substantial need is deemed to have been shown. *See e.g. Gargano v. Metro-North*, 222 F.R.D. 38 (D. Conn. 2004); *Duck v. Warren*, 160 F.R.D. 80 (E.D. Vir. 1995); *Young v. United Parcel Service*, 88 F.R.D. 269 (D.S.D. 1980). Accordingly, the Magistrate Judge erred in denying the production of the documents withheld based

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER**      MASTER FILE NO. 2:13-cv-02607-SVW-E

upon a claim of work-product as addressed in the Motion and his order should be set aside.

### 4. Alternatively, if the Court does not order production of the documents, a jury instruction is needed.

An adverse inference instruction is appropriate when the actions of one party deprive the other of relevant evidence. *See, e.g., Apple, Inc.*, 888 F.Supp.2d at 995; *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 108-109 (2nd Cir. 2002). Here, Defendants defend themselves by denying knowledge of the problems at the Vernon plant while simultaneously withholding documents that would show exactly *what* they knew and *when* they knew it, depriving Plaintiffs of evidence to refute Defendants' assertions. If the Court does not set aside the Magistrate Judge's order and compel the production of the documents that are the subject of the Motion, the Court should instruct the jury that, during the class period, Defendants sought and obtained legal and consulting expert advice regarding environmental, legal or regulatory actions at the Vernon plant during the Class Period, but have refused to disclose that advice. The jury should be informed of the 'unavailable' evidence so that the jury can consider, in rendering its verdict, whether the information was withheld because it was adverse to Defendants' position.

## III. CONCLUSION

Accordingly, Plaintiffs request that the Court set aside the Magistrate's October 19, 2015 denying Plaintiffs' Motion to Compel [Dkt. No. 157] and order that Defendants

17

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER**

MASTER FILE NO. 2:13-cv-02607-SVW-E

produce the documents and information that are the subject of the Motion, which have

heretofore been wrongfully withheld.

Dated: November 2, 2015     /s/ William B. Federman
              William B. Federman (admitted *Pro Hac Vice*)
              A. Brooke Murphy (admitted *Pro Hac Vice*)
              FEDERMAN & SHERWOOD
              10205 North Pennsylvania Avenue
              Oklahoma City, OK 73120
              Telephone: (405) 235-1560
              Facsimile:  (405) 239-2112
              -and-
              2916 Maple Ave., Ste. 200
              Dallas, TX 75201
              Telephone:  (214) 696-1100
              wbf@federmanlaw.com
              abm@federmanlaw.com

              *Lead Counsel for Plaintiffs*

              -and-

              James R. Noblin
              GREEN & NOBLIN, P.C.
              4500 E. Pacific Coast Hwy., 4th Floor
              Long Beach, CA 90804
              Telephone: (562) 391-2487
              -and-
              700 Larkspur Landing Cir., Ste. 275
              Larkspur, CA 94939
              Telephone: (415) 477-6700
              jrn@classcounsel.com

              *Liaison Counsel for Plaintiffs*

18

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR**   MASTER FILE NO. 2:13-cv-02607-SVW-E
**RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER**

## CERTIFICATE OF SERVICE

I hereby certify that this Notice was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on Monday, November 02, 2015.

/s/ William B. Federman
William B. Federman

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER**

MASTER FILE NO. 2:13-cv-02607-SVW-E