Exhibit 1

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID M. LORITZ, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:13-cv-02607-SVW-E |
| Plaintiffs, | <u>CLASS ACTION</u> |
| v. | |
| EXIDE TECHNOLOGIES, et al. | |
| Defendants. | |

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement (the "Stipulation"), dated as of March 7, 2016, is entered into among Lead Plaintiffs James Cassella and Sandra Weitsman and Plaintiffs Kevin Grace, James Close, Mitchell Abel, and Steamfitters' Industry Benefit Fund (on behalf of themselves and each of the Class Members, hereinafter "Plaintiffs") and Defendants James R. Bolch, Phillip A. Damaska, R. Paul Hirt, Louis E. Martinez, John P. Reilly, Herbert F. Aspbury, Michael R. D'Appolonia, David S. Ferguson, John O'Higgins, and Dominic J. Pileggi ("Defendants") (collectively the "Parties"), through their respective counsel of record relating to the above-captioned litigation.  This Stipulation is intended to fully, finally and forever

resolve, discharge and settle all certified claims asserted in this Action against Defendants subject to the approval of the United States District Court for the Central District of California (the "Court").

## I.     THE LITIGATION

### A.     Procedural History of the Litigation

This securities class action was brought on behalf of purchasers of Exide Technologies ("Exide" or the "Company") securities under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Sections 11 and 15 of the Securities Act of 1933.  In their Second Amended Consolidated Complaint (the "Complaint", as defined below), Plaintiffs allege they were damaged by allegedly false and misleading statements made by Defendants during the period June 1, 2011 to May 24, 2013 (the "Class Period" or "Settlement Class Period") about Exide's environmental compliance and financial position.  Plaintiffs allege that throughout the Class Period, Exide's Vernon, California battery recycling facility was experiencing significant environmental problems and was not in compliance with applicable environmental regulations.  Plaintiffs further allege that during the Class Period, Exide was also experiencing severe liquidity problems.  According to Plaintiffs' allegations, the truth about Exide's allegedly undisclosed problems, and the materialization of the allegedly undisclosed risks associated with those problems, were publicly revealed in April and May of 2013 through publication by a third party of an article suggesting that Exide had engaged financial advisors for a possible restructuring, an announcement of an

order by the California Department of Toxic Substances Control temporarily suspending Exide's Vernon operations, and the publication by a third party of an article reporting that Exide was in negotiations for debtor in possession financing that would fund Exide in bankruptcy.  Following each of the preceding disclosures, the price of Exide stock decreased by 46%, 24% and 42%, respectively.

On April 15, 2013, the first of several purported class action lawsuits was filed against the Company and certain individuals alleging violations of the Securities Exchange Act.  On July 9, 2013, Judge Stephen V. Wilson consolidated these cases under the *Loritz v. Exide Technologies, et al.* caption, lead docket number 2:13-02607-SVW-E, and appointed Sandra Weitsman and James Cassella Lead Plaintiffs of the putative class of former Exide stockholders. On July 17, 2013, Plaintiffs voluntarily dismissed their claims against the Company, without prejudice, in order to pursue their claims against the individual defendants during the pendency of Exide's bankruptcy.

On September 6, 2013, Plaintiffs filed their Consolidated Amended Complaint, naming as defendants Messrs. James R. Bolch, Phillip A. Damaska, R. Paul Hirt, Jr., Louis E. Martinez, John P. Reilly, Herbert F. Aspbury, Michael R. D'Appolonia, David S. Ferguson, John O'Higgins, and Dominic J. Pilleggi.  In the Consolidated Amended Complaint Plaintiffs alleged claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 on behalf of purchasers of the Company's stock during the period June 1, 2011 and May 24, 2013. In addition,

Plaintiffs alleged claims under Sections 10(b) and 20(a) of the Securities Exchange Act and Sections 11 and 15 of the Securities Act of 1933 on behalf of those who purchased Exide's $8^{5/8}$ senior secured notes during the Notes Class Period and traceable to the Company's Form S-4/A Registration Statement effective August 12, 2011 .  Defendants moved to dismiss all claims against them and, on December 19, 2013, Judge Wilson granted defendants' motion to dismiss in its entirety, without prejudice. Judge Wilson gave Plaintiffs leave to file their Consolidated Second Amended Complaint on or before January 30, 2014, which Plaintiffs did. On February 13, 2014, Defendants again moved to dismiss the claims against them and on August 11, 2014, Judge Wilson entered an order dismissing Plaintiffs' Section 15 claim against R. Paul Hirt, Jr., former President of Exide Americas, but denying the remainder of Defendants' motion to dismiss.  Defendants filed their Answer and Affirmative Defenses on September 5, 2014.

Over the course of the ensuing sixteen months, the parties exchanged written discovery and Defendants produced nearly one million documents to Plaintiffs.  On December 18, 2015, the parties voluntarily participated in a full day mediation session presided over by the Honorable Judge Layn R. Phillips and the Honorable Judge Gary A. Feess, which resulted in an agreement to resolve the certified claims asserted in the Action for payment of $14,750,000.00 in return for the releases set forth herein.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.      Plaintiffs' Assessment of the Claims and Benefits of Settlement**

Plaintiffs believe that the claims asserted in the Action, as reflected in evidence developed to date, have merit and support their claims.  Additionally, Lead Counsel has researched the applicable law and believes that any defenses Defendants raise can be refuted.          Nonetheless, Plaintiffs and Lead Counsel recognize the expense and length of continued prosecution of the Action against Defendants through completion of discovery, trial, and any subsequent appeals. Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and risks of any litigation, especially in complex actions such as this one, as well as the difficulties and delays inherent in such litigation.

Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class (as defined below), and is fair, reasonable, adequate, and in the best interests of the Class and represents a reasonable compromise of the claims.

**C.      Defendants' Denials of Wrongdoing**

Defendants have denied and continue to deny, *inter alia*, that Exide's Vernon facility was experiencing significant environmental problems or that Defendants have engaged in any wrongdoing, including, without limitations, that their public statements were misleading; that they failed to disclose any material information to investors; that they acted in any deceitful manner; and that any investment losses

sustained by Plaintiffs and the Class were caused by Defendants' alleged misconduct.

Nonetheless, taking into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this one, Defendants have concluded that further litigation of the Action would be protracted, burdensome, and expensive, and that it is desirable and beneficial that the claims asserted in the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Stipulation.

## II.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

### A.    Introduction

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, the Class, and each of them, and Defendants, and each of them, by and through their respective undersigned counsel or attorneys of record that, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Action and the Released Plaintiffs' Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, as to all Parties, upon and subject to the terms and conditions of this Stipulation.

### B.    Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.0    "Action" means *David M. Loritz v. Exide Technologies, et al.*, No. 13-cv-2607 (SVW), and includes all actions consolidated therein.

1.1    "Authorized Claimant" means any member of the Class who is a Claimant (as defined in ¶ 1.4) and whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2    "Bar Date" means the date of the Final Approval  Hearing.

1.3    "Business Day" means any day except a Saturday or Sunday or other day on which national banks are authorized by law or executive order to close in the State of California.

1.4    "Claimant" means any Class Member (as defined in ¶ 1.7) who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.5    "Claims Administrator" means the firm of  KCC, LLC, which shall administer the Settlement.

1.6    "Class" means (a) all persons and entities, other than Defendants and their affiliates, who purchased or otherwise acquired the common stock of Exide during the period June 1, 2011 through May 24, 2013 for Plaintiffs' claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934; and (b) all

persons and entities, other than Defendants and their affiliates, who purchased or otherwise acquired in the secondary market Exide's 8 and 5/8% senior secured notes due 2018 pursuant and/or traceable to the Company's Form S-4/A Registration Statement effective August 12, 2011, during the period August 12, 2011 through November 9, 2012, for Plaintiffs' claims under Sections 11 and 15 of the Securities Act of 1933.  Excluded from the Class are Defendants, all current and former directors and officers of Exide  during the Class Period, and any family member, trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities referenced above.  Also excluded from the Class are those persons and entities who timely and validly request exclusion from the Settlement.

1.7    "Class Member" means any person or entity that falls within the definition of the Class as set forth in ¶ 1.6.

1.8    "Class Period" or "Settlement Class Period" means the Stock Class Period and the Notes Class Period collectively.

1.9    "Common Stock" means the shares of common stock of Exide.

1.10    "Complaint" means any and all complaints filed in the above-captioned lawsuit, including but not limited to the Consolidated Amended Complaint and Consolidated Second Amended Complaint filed in this action and any complaints in actions consolidated by the Court into this Action.

1.11    "Court" means the United States District Court for the Central District of California.

1.12    "Defendants" means James R. Bolch, Phillip A. Damaska, R. Paul Hirt, Jr., Louis E. Martinez, John P. Reilly, Herbert F. Aspbury, Michael R. D'Appolonia, David S. Ferguson, John O'Higgins, and Dominic J. Pilleggi.

1.13    "Defendants' Counsel" means the law firm of Dechert LLP.

1.14    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 8.0 of the Stipulation have been met and have occurred.

1.15    "Escrow Account" means, collectively, the Notice Administration Fund and the Settlement Fund.

1.16    "Escrow Agent" means Huntington Bank or its successor.

1.17    "Exchange Act" means the Securities Exchange Act of 1934, as amended.

1.18    "Final" means (1) the Court has entered a Judgment approving the Settlement in all material respects, including but not limited to, *inter alia,* (a) certifying Classes for settlement purposes only, (b) approving the scope of the Releases, and (c) ordering the Clerk of the Court to enter final judgment substantially in the form set forth in Exhibit B pursuant to Federal Rule 54(b), finding that there is no just reason for delay of enforcement or appeal of the order, and (2) the Judgment has been affirmed in all respects on any appeal or review and

is no longer subject to further appeal or review.  Provided, however, and notwithstanding any provision to the contrary in this Settlement, "Final" shall not include (and the Settlement is expressly not conditioned upon) the Court's approval of attorneys' fees and the reimbursement of expenses sought by Lead Counsel, the approval of payment of a Compensatory Award for the time and expenses expended by Plaintiffs, the approval of the Plan of Allocation, or any appeals solely related thereto.

1.19    "Judgment" means the proposed final order and judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B or in such other form as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Action.

1.20    "Lead Counsel" means Federman & Sherwood.

1.21    "Notes" means Exide's 8 and 5/8% senior secured notes due 2018 offered pursuant to the Company's Form S-4/A Registration Statement effective August 12, 2011.

1.22    "Notes Class Period" means the period from August 12, 2011 thorugh November 9, 2012, both dates inclusive.

1.23    "Notice" means the Notice Of Proposed Settlement Of Class Action And Final Approval Hearing, which is to be sent to Class Members substantially in the form attached hereto as Exhibit A-1.

1.24 "Notice Administration Fund" means an interest bearing escrow account established by the Escrow Agent to receive funds pursuant to ¶ 2.0(a).

1.25 "Order of Preliminary Approval" means the order certifying the Class for settlement purposes only, preliminarily approving the Settlement, and authorizing notice thereof and related matters set forth as Exhibit A hereto.

1.26 "Parties" means Plaintiffs and Defendants.

1.27 "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.28 "Plaintiffs" mean Plaintiffs James Cassella, Sandra Weitsman, Kevin Grace, and James Close.

1.29 "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants.  Any Plan of Allocation is not part of this Stipulation and Defendants shall have no responsibility or liability with respect thereto.

1.30 "Proof of Claim" means the Proof of Claim and Release to be submitted by Claimants, substantially in the form attached as Exhibit A-2.

1.31   "Publication Notice" means the Summary Notice of Pendency and Proposed Settlement of Action and Final Approval Hearing thereon to be published on a national business newswire, substantially in the form attached as Exhibit A-3.

1.32   "Released Parties" means the Plaintiffs, the Plaintiffs' Released Parties, Defendants and Defendants' Released Parties.

(i)   "Defendants' Released Parties" shall mean each and every past and current Defendant, including but not limited to Exide Technologies and, whether or not identified in any Complaint, each Defendant and Exide's past,  present or future directors, officers, employees, partners, member firms,  affiliates, principals, agents, predecessors, successors, parents, subsidiaries, divisions, joint ventures, attorneys, accountants, insurers, assigns, spouses, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, personal or legal representatives, estates, administrators, predecessors, successors and assigns or other individuals or entities in which Defendants or Exide have a controlling interest or which is related to or affiliated with Defendants or Exide, associates, related or affiliated entities, or any members of their immediate families, or any trusts for which any of them are trustees, settlers or beneficiaries.

(ii)   "Plaintiffs' Released Parties" shall mean Plaintiffs, and their respective past or present employees, attorneys, accountants, insurers, co-insurers and reinsurers, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, personal or legal representatives, estates,

administrators, predecessors, successors and assigns or other individuals or entities in which Plaintiffs have a controlling interest or which is related to or affiliated with Plaintiffs and any other representatives of any of these Persons or entities whether or not any such Released Parties were named, served with process or appeared in the Action.

1.33   "Defendants' Released Claims" means all claims, demands, rights, liabilities or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether known or unknown, or based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, that could have been brought heretofore or in the future by Defendants or Exide Technologies against Plaintiffs, Lead Counsel and Plaintiffs' Released Parties, arising out of the instituting, prosecution, settlement or resolution of the Action, provided however, that Defendants and Exide Technologiesshall retain the right to enforce in the Court the terms of the Stipulation.

1.34   "Released Plaintiffs' Claims" means all claims (including "Unknown Claims" as defined in ¶ 1.41), rights, demands, suits, matters, issues, liabilities, or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, under federal, state, local, foreign law, or any other law, rule, or regulation, whether

known or unknown, whether class or individual in nature, that were, could have been, or could in the future be asserted against Defendants' Released Parties in any court of competent jurisdiction or any other adjudicatory tribunal, in connection with, arising out of, related to, based upon, in whole or in part, directly or indirectly, in any way, the facts, transactions, events, occurrences, acts, disclosures, oral or written statements, representations, filings, publications, disseminations, press releases, presentations, accounting practices or procedures, compensation practices or procedures, omissions or failures to act which were or which could have been alleged or described in the Complaint, provided however, that Plaintiffs and Plaintiffs' Released Parties shall retain the right to enforce in the Court the terms of the Stipulation.

1.35   "Settled Claims" means all of the Released Plaintiffs' Claims, and/or Defendants' Released Claims.

1.36   "Settlement" means the settlement contemplated by this Stipulation.

1.37   "Settlement Amount" means Fourteen Million Seven Hundred and Fifty Thousand Dollars ($14,750,000.00).

1.38   "Settlement Fund" means an interest bearing escrow account established by the Escrow Agent to receive the amounts of funds payable pursuant to ¶ 2.0.

1.39   "Stock Class Period" means the period from June 1, 2011 through May 24, 2013, both dates inclusive.

1.40   "Term Sheet" means the Term Sheet entered into on December 18, 2015 between Lead Counsel and Defendants' Counsel.

1.41   "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities, and causes of action of every nature and description which Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Defendants and Defendants' Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Defendants and Defendants' Released Parties, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Released Plaintiffs' Claims, upon the Effective Date, Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542.  Plaintiffs and Class Members may

hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims, but Plaintiffs shall expressly, fully, finally and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever settled and released, any and all Released Plaintiffs' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

### C.   The Settlement

#### a.   The Settlement Consideration

2.0   In consideration of the full and final settlement of all claims asserted or which could have been asserted against Defendants and Defendants' Released Parties in this Action, Defendants shall direct their insurers to pay  to the Class, the Settlement Amount as follows:

(a)     Within fifteen (15) Business Days after (i) execution of this Stipulation and  (ii) transmission to Defendants' Counsel of payee information for the Notice Administration Fund (including the name, tax identification number, and Form W-9), Defendants shall direct their insurers to wire or pay by check or draft, at the sole election of the insurers, to the Escrow Agent $250,000 (Two Hundred and Fifty Thousand Dollars) to be deposited into the Notice Administration Fund.

(b)     Within thirty (30) Business Days after entry of the Order of Preliminary Approval, Defendants shall direct their insurers to wire, or pay by check or draft, at the sole election of the insurers, to the Escrow Agent $14,500,000 (Fourteen Million Five Hundred Thousand Dollars) to be deposited by the Escrow Agent into the Settlement Fund.

### b.    The Escrow Agent

2.1    The Settlement Amount shall be invested exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government.  The Escrow Agent shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. Defendants shall not bear any responsibility for or liability related to the investment of the Settlement Amount by the Escrow Agent.

### c.     Return of Funds in Certain Circumstances

2.2     Plaintiffs agree that, prior to the Effective Date, the sum deposited into the Notice Administration Fund shall be used solely to fund reasonable out-of-pocket costs and expenses relating to the printing, mailing and publication of notices to Class Members as described in ¶ 2.7, below.  In the event that this Settlement Agreement is terminated prior to the occurrence of the Effective Date, the Escrow Agent shall refund the remaining balance of the Notice Administration Fund, plus accrued interest to the insurer who made the payment into the Notice Administration Fund.

All Notice related costs shall be paid out of the Notice Administration Fund as provided in ¶ 2.7. In no event shall Plaintiffs, Lead Counsel, or the Class be liable to Defendants for any sums used to fund such properly incurred out-of-pocket costs and expenses.

### d.     Handling and Disbursement of Funds by the Escrow Agent

2.3     No monies will be disbursed from the Settlement Fund until after the Effective Date except:

(a)     As provided in ¶ 2.8, as regards Taxes, and ¶ 7.1, as regards attorneys' fees and expenses;

(b)     To pay Taxes and Tax Expenses (as defined in ¶ 2.8(c)) on the income earned by the Settlement Fund.  Taxes and Tax Expenses shall be paid out of the Settlement Fund, shall be considered to be a cost of administration of the

Settlement, and shall be timely paid by the Escrow Agent without prior order of the Court; and

(c)   As provided in ¶ 2.7, as regards the Notice Administration Fund.

2.4   The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Defendants' Counsel and Lead Counsel.

2.5   Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Class as are consistent with the terms of this Stipulation.

2.6   All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned to the parties who deposited such funds pursuant to this Stipulation and/or further order(s) of the Court.

2.7   The Notice Administration Fund shall be used by the Escrow Agent to pay the reasonable fees and expenses incurred by, and the reasonable fees charged by, the Claims Administrator in connection with the administration and notice of the settlement upon presentation of customary invoices therefor, which invoices have been approved by Lead Counsel, including, without limitation: the cost of identifying and locating members of the Class; mailing Notice and Proof of Claim and publishing the Publication Notice (such amounts shall include, without

limitation, the actual costs of publication in national newswires, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund (as defined below) to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims ("Notice and Administration Costs").

Any residual monies held in the Notice Administration Fund upon the completion of notice administration for the Settlement shall be transferred to the Settlement Fund. If the costs of notice and administration exceed $250,000 any such additional costs and expenses shall, subject to approval of the Court, be transferred from the Settlement Fund to the Notice Administration Fund.

### e.    Taxes

2.8

(a)    The Parties and the Claims Administrator agree to treat the Notice Administration and Settlement Funds as "qualified settlement funds" within the meaning of Treasury Regulation §1.468B-1. In addition, the Claims Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.8, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date. Such elections

shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Claims Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     The Claims Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Notice Administration and Settlement Funds (including without limitation the returns described in Treasury Regulation §1.468B-2(k)).  Such returns (as well as the election described in ¶ 2.8(a)) shall be consistent with this ¶ 2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties on the income earned) shall be paid out of the Settlement Fund.

(c)     All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Notice and Settlement Funds, and expenses and costs incurred in connection with the operation and implementation of this ¶ 2.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶ 2.8) ("Tax Expenses"), shall be paid out of the Settlement Fund.

Defendants, Defendants' Released Parties, Defendants' Counsel, Plaintiffs, Plaintiffs' Released Parties and Lead Counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  Taxes and Tax Expenses shall be

treated as, and considered to be a cost of administration of the Settlement and shall be timely paid by the Claims Administrator out of the Settlement Fund without prior order from the Court.

The Claims Administrator shall indemnify and hold each of the Defendants, Defendants' Released Parties, Defendants' Counsel, Plaintiffs, Plaintiffs' Released Parties and Lead Counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).

The Claims Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)).  Neither Defendants, Defendants' Counsel, Plaintiffs, nor Lead Counsel are responsible therefor, nor shall they have any liability with respect thereto.

The Parties agree to cooperate with the Claims Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.8.  Defendants' Counsel agree to promptly provide the Escrow Agent with the statement described in Treasury Regulation §1.468B-3(e).

### f.    Termination of Settlement

2.9    The Defendants and Exide shall, acting collectively, have the right to terminate the Settlement and this Stipulation, by providing written notice of their

election to do so to all other Parties within five (5) days of: (a) the Court's denial of Plaintiffs' motion for preliminary approval of the Settlement in any material respect without leave to amend and resubmit; (b) the Court's refusal to approve this Stipulation or any material part of it without leave to amend and resubmit; (c) the Court's declining to enter an Order and Final Judgment in any material respect without leave to amend and resubmit; or (d) the date upon which the Order and Final Judgment is modified or reversed in any material respect by a United States Court of Appeals or the United States Supreme Court.  Any decision with respect to any Fee and Expense Application, or with respect to any Plan of Allocation, shall not be considered material to this Stipulation and shall not be grounds for termination.  In the event that this Stipulation is terminated, the Settlement Amount including any interest accrued thereon, less expenses actually incurred or due and owing from the Settlement Fund for the Notice and Administration Costs of Settlement pursuant to ¶ 2.7 above, shall be refunded by the Escrow Agent to the insurers, in proportion to their contribution to the Settlement Fund, plus accrued interest attributable to that amount by check or wire transfer pursuant to written instructions from the insurers. Plaintiffs shall have the right to terminate the Settlement and this Stipulation, by providing written notice of his or its or their election to do so to all other Parties within five (5) days of:  (a) the Court's denial of Plaintiffs' motion for preliminary approval of the Settlement in any material respect as to the Defendants without leave to amend and resubmit; (b) the Court's

refusal to approve this Stipulation or any material part of it without leave to amend

and resubmit; (c) the Court's declining to enter an Order and Final Judgment in any

material respect as to the Defendants without leave to amend and resubmit; (d) the

Defendants' failure to timely make full payment of the Settlement Amount into the

Escrow Account; or (e) the date upon which the Order and Final Judgment is

modified or reversed in any material respect by the Court of Appeals or the

Supreme Court.  Any decision with respect to any Fee and Expense Application, or

with respect to any Plan of Allocation, shall not be considered material to this

Stipulation and shall not be grounds for termination.

   2.10 If, prior to the Final Approval Hearing, any persons who otherwise

would be members of the Class have timely filed for exclusion from the Class in

accordance with the provisions of the Order for Preliminary Approval and the

notice given pursuant thereto (see ¶ 4.9 below), and such persons in the aggregate

purchased a number of shares of Common Stock during the Class Period in an

amount greater than the sum specified in a separate "Supplemental Agreement"

between the Parties, Defendants, in their sole discretion, shall have the option to

terminate this Stipulation in accordance with the procedures set forth in the

Supplemental Agreement.  The Supplemental Agreement shall not be filed with the

Court and its terms shall not be disclosed in any other manner (other than the

statements herein and in the Notice, to the extent necessary, or as otherwise

provided in the Supplemental Agreement)  unless and until a dispute among the

Parties concerning its interpretation or application arises.  If submission of the

Supplemental Agreement is required for resolution of a dispute or is otherwise

ordered by the Court, Plaintiffs and the Defendants will undertake to have the

Supplemental Agreement submitted to the Court *in camera*.  Copies of all requests

for exclusion received and copies of all written revocations of requests for

exclusion received shall be sent to counsel for the Parties within a reasonable time

of receipt by the Claims Administrator, and in any event not less than seven (7)

days prior to the Final Approval  Hearing.

2.11   If (i) the Defendants exercise their right to terminate the Settlement as

provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate this

Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement

as to the Defendants; or (iv) the Effective Date as to the Settlement otherwise fails

to occur with respect to the Defendants, then:

(a)   The Settlement and the relevant portions of this Stipulation shall be

canceled and terminated without prejudice with respect to the Parties to whom the

termination of the Settlement applies and only those Parties, and this Stipulation

shall be null and void and shall have no further force or effect with respect to those

Parties and only those Parties;

(b)   The Parties to whom the termination of Settlement applies and only

those Parties shall revert to their respective positions in the Action immediately

before the execution of this Stipulation.

### D.   Class Certification

3.0     The Parties hereby stipulate to certification of the Classes, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, solely for purposes of this Settlement.  The certification of the Classes shall be binding only with respect to the Settlement and only if the Judgment becomes Final.

### E.   Preliminary Approval Order

4.0     Promptly after execution of this Stipulation, but in no event later than 14 days after execution of this Stipulation,  Lead Counsel and Defendants' Counsel shall jointly submit this Stipulation together with its Exhibits to the Court and shall request entry of an Order of Preliminary Approval (substantially in the form of Exhibit A) that will, *inter alia*, grant preliminary approval to the Settlement; certify the Classes for settlement purposes only; and authorize notification of the Settlement Classes substantially in the form of Exhibits A-1 and A-3 hereto, along with provision of a Proof of Claim Form substantially in the form of Exhibit A-2.

The Notice shall describe the Settlement; the proposed Plan of Allocation; the requests for awards of Attorney Fees and Expenses and Lead Plaintiff Compensatory Awards (consistent with ¶¶ 7.0 and 7.5); the date of the Final Approval Hearing; Class Members' rights to opt out, object or otherwise be heard with regard to these matters; and Class Members' opportunity to file claims upon the Settlement Fund.

No later than three (3) days after execution of this Stipulation, 2016, Defendants shall cause Exide to provide, at its expense and to the extent possible, transfer records sufficient to identify Class Members.

The Stipulation of Settlement, Notice, Proof of Claim Form, and all papers submitted in support thereof shall be posted on a website to be maintained by the Claims Administrator.

## The Final Approval Hearing/Objections

4.1     Following provision of Notice to the Class Members, the Court shall hold a hearing (the "Final Approval Hearing") to consider whether to approve the Settlement; approve the Plan of Allocation; and to award attorneys' fees and expenses and Lead Plaintiff Compensatory Awards.

4.2     Lead Counsel and Defendants shall submit papers in support of the foregoing matters no later than twenty one (21) days prior to the Final Approval Hearing.

4.3     Any Class Member who wishes to object to the fairness, reasonableness or adequacy of the matters set forth in ¶¶ 2.0–7.5 must comply with the requirements set forth in the Order for Preliminary Approval, Exhibit A, hereto.

4.4     Any objector shall be subject to the jurisdiction of the Court and may be deposed by Lead Counsel.

4.5     All papers in opposition to any objections, and in further support of the foregoing matters shall be filed by the Parties by that time as well.

4.6     At the Final Approval Hearing, Parties shall request that the Court enter a Judgment substantially in the form attached to this Agreement as Exhibit B.

**Requests for Exclusion**

4.7     Any Person falling within the definition of the Classes may be excluded from the Classes by submitting to the Claims Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in the Order for Preliminary Approval, Exhibit A hereto, and is postmarked no later than the Court-ordered date.  All Persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund (defined below), and shall not be bound by the Stipulation or the Judgment.  However, a Class Member may submit a written revocation of a Request for Exclusion up until five (5) days prior to the date of the Final Approval Hearing and receive payments pursuant to this Stipulation and Settlement provided the Class Member also submits a valid Proof of Claim, as set forth in ¶ 6.3(i), below, prior to the Bar Date;

**F.     Releases**

5.0     The obligations incurred pursuant to this Stipulation shall be a full and final disposition of the Action, any and all Released Plaintiffs' Claims, and any and all Defendants' Released Claims, as against all Released Parties.

5.1     Upon the Effective Date, Plaintiffs and the Class Members, on behalf of themselves and Plaintiffs' Released Parties, shall be deemed to have, and by

operation of the Judgment have, fully, finally, and forever released, relinquished and discharged all Released Plaintiffs' Claims against Defendants and Exide Technologies, and each of them, and any and all of Defendants' Released Parties, whether or not any individual Class Member executes and delivers the Proof of Claim.

5.2    Upon the Effective Date, Defendants and Exide Technologies shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged their Defendants' Released Claims against Plaintiffs and any and all of Plaintiffs' Released Parties including, but not limited to, Lead Counsel.

### Proof of Claims

5.3    Only those Class Members filing valid and timely Proof of Claim and Release forms shall be entitled to participate in the Settlement and receive a distribution from the Settlement Fund.  The Proof of Claim and Release to be executed by Class Members shall release all Released Plaintiffs' Claims against the Released Parties, and shall be substantially in the form contained in Exhibit A-2 attached hereto.

Such Proof of Claims shall be filed thirty (30) days from the date of the Final Approval Hearing, unless otherwise ordered by the Court.

All Class Members not submitting valid and timely requests for exclusion shall be bound by the Releases, whether or not they submit a valid and timely Proof of Claim and Release.

### G.  Administration and Calculation of Claims, Final Awards, And Supervision and Distribution of the Settlement Fund

6.0     The Claims Administrator shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants.  The distribution checks will be drawn upon the Settlement Fund.

6.1     Defendants shall have no responsibility or liability for the allocation of the Settlement Fund among the Class Members or the allocation of any awards of Plaintiffs' attorneys' fees, costs and expenses.  Any such awards shall be paid solely by the Settlement Fund.

6.2     The Settlement Fund shall be applied as follows:

(i)     To pay the Taxes and Tax Expenses described in ¶ 2.8 above;

(ii)    To pay all the costs and expenses reasonably and actually incurred in connection with settlement administration, including, but not limited to, locating members of the Class, providing Notice, soliciting Class claims, assisting with the filing of claims, processing Proof of Claim forms, making administrative determinations concerning the acceptance or rejection of submitted claims, administering and distributing the Settlement Fund to Authorized Claimants, paying

escrow fees and costs, if any, and paying the fees and expenses of the Claims Administrator;

(iii)   To pay Lead Counsel's attorneys' fees and expenses, as provided in ¶ 7.1 (the "Fee and Expense Award"), to the extent allowed by the Court;

(iv)   To pay Compensatory Awards to the Plaintiffs as provided in ¶ 7.5, to the extent allowed by the Court;

(v)   From amounts paid into the Notice Administration Fund, to pay the Claims Administrator's fees and expenses reasonably incurred in the claims administration of the Settlement; and

(vi)   Upon court approval, to distribute the balance of the Settlement Fund, that is, the total Settlement Fund less the items set forth in ¶¶ 6.2(i), (ii), (iii), (iv) and (v) (the "Net Settlement Fund"), to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

6.3   Upon the entry of the Judgment and thereafter, subject to ¶ 2.3 and in accordance with the terms of the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants subject to and in accordance with the following:

(i)   Each Class Member claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of

Claim, substantially in the form of Exhibit A-2 hereto, signed under penalty of perjury and supported by such documents as specified in the Proof of Claim or such other documents or proof, as are reasonably available to the Authorized Claimant, as Lead Counsel, in their discretion, may deem acceptable, no later than thirty (30) days from the Final Approval Hearing, unless otherwise ordered by the Court;

(ii)    Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim, or otherwise allowed, or who file a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to this Stipulation and Settlement, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment and will be barred and enjoined from bringing any action against the Released Parties concerning the Settled Claims.

6.4    No Person shall have any claim against Plaintiffs, Lead Counsel, Defendants, Defendants' Counsel, the Claims Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

6.5    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court.  However, if there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the

Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), the Claims Administrator under the supervision of Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to such not-for-profit charity as the Court may direct and approve.

This is not a claims-made settlement and, if all conditions of the Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to the Defendants or their insurance carriers.

Defendants and Defendants' Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

6.6    It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the

finality of the Court's Judgment approving this Stipulation and the Settlement set forth therein, or any other orders entered pursuant to this Stipulation.

### H.   Attorneys' Fees and Expenses

7.0    Lead Counsel may submit an application or applications (the "Fee and Expense Application") for payments to Lead Counsel from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of actual costs and expenses, including experts or consultants, incurred in connection with prosecuting the Action as may be awarded by the Court.  Lead Counsel reserves the right to make additional applications for fees and expenses incurred, if necessary.

7.1    The attorneys' fees and expenses, including the fees and expenses of experts and consultants, as awarded by the Court, shall be payable to Lead Counsel from the Settlement Fund, as ordered, immediatly after the Court executes an order awarding such fees and expenses.

Lead Counsel agrees to refund to the Settlement Fund any award of attorney's fees and expenses by the Court paid to Lead Counsel in the event the Court's award of attorney's fees and expenses is reduced or reversed on appeal (the "Fee Award"). Payment of some or all of the Fee Award shall be made by Lead Counsel into the Settlement Fund within fifteen (15) business days of a Final order by the Court of Appeals or the Supreme Court directing such reduction or reversal, and shall be distributed by the Escrow Agent to the Class pursuant to the manner directed in the Final order.

Lead Counsel further agrees to refund to the Settlement Fund any award of attorney's fees and expenses by the Court paid to Lead Counsel in the event that this Settlement does not become Final; in such situation, payment of all of the Fee Award shall be made by Lead Counsel into the Settlement Fund within fifteen (15) days thereof, and shall thereafter be distributed by the Escrow Agent pursuant to the terms of ¶ 8.3.

7.2    The procedure for and allowance or disallowance by the Court of any application by Lead Counsel for attorneys' fees and expenses, including the fees and expenses of experts and consultants, to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action.

7.3    Defendants and Defendants' Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment to Lead Counsel or any other Plaintiffs' Counsel and/or any other Person who receives payment from the Settlement Fund, or repayment by Plaintiffs' Counsel of any amounts required to be repaid under this Stipulation.

7.4     Defendants and Defendants' Released Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Lead Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

### Plaintiffs' Compensatory Award

7.5     Lead Counsel may submit an application to the Court to authorize the payment of Compensatory Awards from the Settlement Fund for the time and expenses expended by Plaintiffs in assisting Lead Counsel in the litigation of this Action, including their depositions.  Payment for any Compensatory Award payable in cash shall be payable from the Settlement Fund.

**I.      Effect of Disapproval, Cancellation or Termination**

8.0     The Effective Date of the Stipulation shall be conditioned upon the occurrence of all of the following events:

(a)     Defendants have caused the contributions to be made to the Settlement Fund, as required by ¶ 2.0 above;

(b)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(c)     the Judgment has become Final, as defined in ¶ 1.18 hereof.

Any appeal or delay in (a) the approval of the Plan of Allocation, (b) the determination of any award of attorneys' fees and expenses, or (c) the granting of a

Compensatory Award to Plaintiffs, shall not affect, alter, or delay the occurrence of the Effective Date.

8.1     Upon the occurrence of the Effective Date, any and all interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation.  The Settlement Fund shall be distributed in accordance with ¶ 6.2 hereof.

8.2     In the event that this Stipulation is not approved by the Court, or the Effective Date does not occur, then this Stipulation shall be canceled and terminated subject to ¶ 8.3 unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with this Stipulation.  None of the Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than provided for and agreed herein.  Without limitation of any Party's other rights or remedies at law or in equity to enforce its rights against any other Party that breaches its obligations under this Stipulation, no breach by any Party of its obligations under this Stipulation shall permit any other Party to terminate this Stipulation or, after the Effective Date, affect or impair the disposition of the Action or release of claims contemplated by ¶ 5.1.

8.3     Unless otherwise ordered by the Court, in the event the Stipulation is terminated, or is canceled, or shall not become effective for any reason, within ten (10) Business Days after written notification of such event is sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, subject to the terms of ¶ 2.9 hereof,

the Settlement Fund (including accrued interest), less any expenses and any costs which have either been properly disbursed pursuant to ¶¶ 2.3-2.6 hereof, or are determined to be chargeable to the Settlement Fund or the notice and administration of the Settlement pursuant to ¶ 2.7 hereof, shall be refunded by the Escrow Agent to the insurers, in proportion to their contribution to the Settlement Fund, plus accrued interest attributable to that amount by check or wire transfer pursuant to written instructions from the insurers; provided, however, that in the event that the accrued interest and earnings of the Settlement Fund are not sufficient to cover the expenses paid or due to be paid from the Settlement Fund, any such expenses that Lead Counsel account for as reasonably and properly incurred in connection with the cost of giving notice of the Settlement and the administration of the Settlement prior to the termination or cancellation of the Settlement in accordance with the terms of this Stipulation, and any such expenses consisting of Tax Expenses, shall not be returned.  At the request of the insurers, the Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, to the insurers.

8.4     In the event the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action immediately prior to the execution of this Stipulation.  In

such event, the terms and provisions of the Stipulation, with the exception of ¶¶ 1.0-1.41, 2.2, 2.9 and  8.2-8.5 hereof, shall have no further force and effect and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

8.5    If the Effective Date does not occur, neither Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Notice Administration Fund.  In addition, any expenses already incurred and properly chargeable to the  Notice Administration Fund pursuant to this Stipulation at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶ 8.3.

**J.    Miscellaneous Provisions**

9.0    This Stipulation, and all related documents, shall not be construed as or deemed to be evidence of (i) any presumption, an admission or concession on the part of any Defendant, or any of Defendants' Released Parties (as defined in ¶ 1.31(i)), with respect to any claim of any fact alleged by Plaintiffs or any member

of the Class, the validity of any claim that was or could have been asserted by Plaintiffs or any member of the Class, or any deficiency or any defense that has been or could have been asserted by the Defendants in this Action or in any other litigation, or (ii) any liability, negligence, fault, liability, wrongdoing, or damage whatsoever and of any kind of any of the Defendants' Released Parties or in any way referred to for any other reason as against any of the Defendants' Released Parties, in any civil, criminal, or administrative action or proceeding, other than such proceeding.  The Parties, and each of them, shall not assert or pursue any action, claim or rights that any party hereto violated any provision of Rule 11 of the Federal Rules of Civil Procedure.  Further, the Parties, and each of them, will not deny in any statement made to any media representative that the Action is being settled voluntarily after consultation with competent counsel.  The Parties, and each of them, and their respective counsel agree that the Action was resolved in good faith, following arm's length bargaining.

9.1    The Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation.  Lead Counsel and Defendants' Counsel agree to cooperate with one another in seeking Court approval of the Order for Notice and Hearing, the Stipulation and the Settlement,

and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

9.2    The Parties intend this Stipulation to be a final and complete resolution of all disputes between them with respect to the Action as well as any disputes which could have been raised in the Action by Plaintiffs, the Class, and Plaintiffs' Released Parties, and each or any of them, against Defendants and Defendants' Released Parties, Defendants' Counsel, and each or any of them, on the one hand, and by Defendants and Exide Technologies, and each or any of them, against Plaintiffs the Class, Plaintiffs' Released Parties, Lead Counsel, and each or any of them, on the other hand.  Additionally, as among and between Defendants and Exide Technologies, and each or any of them, Defendants intend this Stipulation to be a final and complete resolution of all disputes between them with respect to the Action.  Accordingly, the Parties agree not to assert in any forum or, in any statement made to any media representative (whether or not for attribution), that the Action was brought by Plaintiffs or defended by any of the Defendants, or each or any of them, in bad faith or without a reasonable basis.  The Judgment will contain a statement that during the course of the Action, the parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.  The Parties further agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated at arm's

length and in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.3    Except as otherwise provided herein, all agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

9.4    The Settlement contemplated herein is not subject to or contingent upon confirmatory discovery or other discovery.

9.5    The Term Sheet executed by the Settling Parties shall remain confidential after this Stipulation is filed with the Court.

Whether or not the Effective Date occurs or this Stipulation is terminated, neither this Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement:

(i)    may be deemed, or shall be used, offered or received against Defendants or Defendants' Released Parties, or each or any of them, as an admission, concession or evidence of the validity of any Released Plaintiffs' Claims, the truth of any fact alleged by Plaintiffs, the deficiency of any defense that has been or could have been asserted in the litigation, or of any alleged wrongdoing, liability, negligence, or fault of the Defendants and Defendants' Released Parties, or any of them;

(ii)     may be deemed, or shall be used, offered or received against Plaintiffs, the Class, Plaintiffs' Released Parties, or each or any of them, as an admission, concession or evidence of, the validity or invalidity of any of Defendants' Released Claims, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

If this Stipulation is approved by the Court, any party or any of the Released Parties may file this Stipulation and/or Judgment in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

9.6     The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

9.7     The waiver by one party of any breach of this Stipulation by any other party hereto shall not be deemed as a waiver of any other prior or subsequent breaches of this Stipulation.

9.8     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.9     This Stipulation may be amended or modified only by a written
instrument signed by or on behalf of all Parties or their respective successors-in-
interest.

9.10    This Stipulation and the Exhibits attached hereto constitute the entire
agreement among the parties hereto and no representations, warranties or
inducements have been made to any party concerning this Stipulation or its Exhibits
other than the representations, warranties and covenants contained and
memorialized in such documents.  Except as otherwise provided herein, each party
shall bear its own costs.

9.11    Each counsel or other Person executing this Stipulation, any of its
Exhibits, or any related settlement documents on behalf of any party hereto hereby
warrants and represents that such Person has the full authority to do so and that they
have the authority to take appropriate action required or permitted to be taken
pursuant to the Stipulation to effectuate its terms.

9.12    This Stipulation may be executed in one or more counterparts.  All
executed counterparts and each of them shall be deemed to be one and the same
instrument provided that counsel for the parties to this Stipulation all exchange
original signed counterparts.

9.13    This Stipulation shall be binding upon, and inure to the benefit of, the
successors and assigns of the parties hereto and the Released Parties.

9.14   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

9.15   This Stipulation and the Exhibits thereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice of law principles.

9.16   This Stipulation is deemed to have been prepared by counsel for all parties, as a result of arm's length negotiations among the parties.  Whereas all parties hereto have contributed substantially and materially to the preparation of this Stipulation, it shall not be construed more strictly against one party than another.

9.17   Whenever this Stipulation requires or contemplates that a party shall or may give notice to the other, notice shall be provided by  electronic mail, or next-day (excluding Saturday and Sunday) express delivery service as follows and shall be deemed effective upon such transmission or delivery to the address set forth below:

If to Plaintiffs, then to:

William B. Federman
Brooke Murphy
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
(405) 235-1560/Fax: (405) 239-2112

If to Defendants, then to:

David Kistenbroker
Carl E. Volz
DECHERT LLP
35 West Wacker Drive, Suite 3400
Chicago, IL 60601
david.kistenbroker@dechert.com
carl.volz@dechert.com

9.19   All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Stipulation or by order of the Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

9.20   The parties to this Stipulation reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

IN WITNESS WHEREOF, the parties hereto have caused this Amended Stipulation to be executed, by their duly authorized attorneys, dated March 7, 2016.

1

By: _____

2  FEDERMAN & SHERWOOD
William B. Federman

3  A. Brooke Murphy
10205 N. Pennsylvania Avenue

4  Oklahoma City, OK 73120
Telephone: (405) 235-1560

5  Facsimile: (405) 239-2112
wbf@federmanlaw.com

6  abm@federmanlaw.com

7  *Lead Counsel for Plaintiffs*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: _____

DECHERT LLP
Edwin V. Woodsome, Jr.
David H. Kistenbroker
Carl E. Volz
77 W. Wacker Drive, Suite 3200
Chicago, IL 60601
Telephone: (312) 646-5800
Facsimile: (312) 646-5858
ed.woodsome@dechert.com
david.kistenbroker@dechert.com
carl.volz@dechert.com

*Counsel for Defendants*

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

DAVID M. LORITZ, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

EXIDE TECHNOLOGIES, et al.

Defendants.

Case No. 2:13-cv-02607-SVW-E

CLASS ACTION

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE AND HEARING**

WHEREAS, a consolidated class action, entitled *Loritz v. Exide Technologies, et al.* Case No. 2:13-cv-02607-SVW-E, is pending before the Court (the "Action");

WHEREAS, (i) Lead Plaintiffs James Cassella ("Cassella") and Sandra Weitsman ("Weitsman") and Plaintiffs Kevin Grace ("Grace"), James Close ("Close"), Mitchell Abel ("Abel"), and Steamfitters' Industry Benefit Fund ("Steamfitters") (on behalf of themselves and each of the Class Members, hereinafter "Plaintiffs") and (ii) Defendants James R. Bolch, Phillip A. Damaska, R. Paul Hirt, Louis E. Martinez, John P. Reilly, Herbert F. Aspbury, Michael R. D'Appolonia, David S. Ferguson, John O'Higgins, and Domenic J. Pileggi ("Defendants") have entered into the Stipulation of Settlement dated March 7, 2016 (the "Stipulation"), providing for the settlement of the Action and release of all

Released Claims and Released Defendants' Claims, which include Unknown

Claims, on the terms and conditions set forth in the Stipulation, subject to approval

of this Court (the "Settlement");

WHEREAS, the parties having made application, pursuant to Federal Rule of

Civil Procedure 23(e), for an order preliminarily approving the settlement of the

Action in accordance with the Stipulation which, together with the exhibits annexed

thereto, sets forth the terms and conditions for the proposed Settlement of the

Action and for dismissal of the Action with prejudice upon the terms and conditions

set forth therein; and the Court having read and considered the Stipulation and the

exhibits annexed thereto, and all other pleadings herein, and the parties to the

Stipulation having consented to entry of this Order; and

WHEREAS, all capitalized terms used herein shall have the same meaning as

set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      **Preliminary Approval of the Settlement**.  The Court preliminarily

approves the Stipulation and the Settlement set forth therein, subject to further

consideration and final approval at the Settlement Hearing to be conducted as

described below.

2.      **Preliminary Certification of Settlement Class**.  Pursuant to Rule 23

of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for

purposes of effectuating the Settlement, the following Class: (a) all persons and

entities who purchased or otherwise acquired the common stock of Exide Technologies ("Exide") during the period from June 1, 2011 through May 24, 2013, inclusive; and (b) all persons and entities who purchased or otherwise acquired in the secondary market Exide's $8^{5/8}$% senior secured notes due 2018 pursuant and/or traceable to the Company's Form S-4/A Registration Statement effective August 12, 2011, during the period from August 12, 2011 through November 9, 2012, inclusive, for Plaintiffs' claims under Sections 11 and 15 of the Securities Act of 1933.  Excluded from the Class are Defendants, all current and former directors and officers of Exide  during the Class Period, and any family member, trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities referenced above.  Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing Thereon (the "Notice").

3.      With respect to the Class, the Court preliminarily finds for purposes of effectuating the Settlement that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Plaintiffs/proposed class representatives Cassella, Weitsman, Close, and Steamfitters are typical of the claims of each Class; (d) Plaintiffs/proposed class representatives Cassella, Weitsman, Close, and Steamfitters and Lead Counsel have fairly and adequately represented and protected

the interests of all Class Members; (e) the questions of law and fact common to the Members of each Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of continuing the Action in this forum; and (iv) the difficulties likely to be encountered in the management of the Action.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Plaintiffs Cassella, Weitsman, Close, and Steamfitters are preliminarily certified as the Class Representatives and Lead Counsel is preliminarily certified as Class Counsel.

5.      **Settlement Hearing**.  A hearing (the "Settlement Hearing") shall be held before this Court on _____, 201_, at ___ a.m., at Courtroom 6 of the United States District Court, Central District of California, at 312 North Spring Street, Los Angeles, CA, 90012-4701, to determine (a) whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, just, reasonable, and adequate to each of the Parties and the Class and should be approved by the Court; (b) whether the Final Judgment and Order of Dismissal, annexed as Exhibit B to the Stipulation, should be entered dismissing the Action

with prejudice against the Defendants; (c) whether the proposed Plan of Allocation for the allocation of proceeds of the Settlement is fair and reasonable and should be approved; (d) whether the Fee and Expense Application should be approved; and (e) any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in this Order.

6.     The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

7.     **Approval of Form and Content of Notice**.  The Court approves, as to form and content, the Notice, the Proof of Claim and Release (the "Proof of Claim"), and the Summary Notice of Pendency and Proposed Settlement of Action and Settlement Hearing Thereon (the "Publication Notice") annexed as Exhibits A-1, A-2, and A-3 hereto, respectively, and finds that mailing and distribution of the Notice and Proof of Claim and the publication of the Publication Notice substantially in the manner and form set forth in this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Action, the effect of the proposed Settlement (including the releases contained therein), and of their right to object to the proposed Settlement, exclude themselves from the Class, and appear at the Settlement Hearing; (iii) constitutes

due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and all other applicable laws and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Publication Notice before they are mailed and published, respectively.

8.     **Retention of Claims Administrator and Manner of Notice**.  Lead Counsel is hereby authorized to retain KCC, LLC, (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims.

9.     Not later than three (3) calendar days after the date of entry of this Order, Defendants shall use reasonable efforts to provide the Claims Administrator with an electronic and searchable list (if available) of Exide's registered shareholders and/or holders of Exide's $8^{5/8}$% senior secured notes due 2018, in order to identify and provide notice to Members of the Class.

10.     Not later than fourteen (14) calendar days after the date of entry of this Order, the Claims Administrator, under the direction of Lead Counsel, shall cause a copy of the Notice and the Proof of Claim (the "Claim Packet"), substantially in the form annexed hereto as Exhibits A-1 and A-2, to be sent by first class mail to all Members of the Class who can be identified from transfer records and from other

sources available to the Claims Administrator and Lead Counsel with reasonable effort (the "Notice Date").

11.    Not later than seven (7) calendar days after the Notice Date, Lead Counsel shall cause the Publication Notice to be published once in the national edition of the *Investor's Business Daily* and transmitted over the national circuit of *PR Newswire*.

12.    At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

13.    Additionally, notice of the Action and the proposed Settlement shall be posted on the Claims Administrator's website.

14.    **Broker and Nominee Procedures**.  Brokers and nominees who purchased or held Exide common stock or Exide's $8^{5/8}$% senior secured notes due 2018 during the Class Period for the benefit of another Person shall send the Claim Packet to the beneficial owners of such Exide stock or notes within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof in which event the Claims Administrator shall promptly mail the Claim Packet to such beneficial owners.  The Claims Administrator shall provide nominees with additional copies of the Claim Packet upon request.  Nominees may seek reimbursement of their reasonable administrative costs and expenses actually

incurred in searching their records to find the names and addresses of beneficial

owners and for mailing the Claim Packet by providing the Claims Administrator

with proper documentation supporting the expenses for which reimbursement is

sought.  Such properly documented expenses incurred by nominees in compliance

with the terms of this Order shall be paid from the Settlement Fund in accordance

with the provisions of the Stipulation.

15.  **Participation in the Settlement**.  Members of the Class who wish to

participate in the Settlement and receive a distribution from the Net Settlement

Fund must complete and submit a Proof of Claim in accordance with the

instructions contained therein.  Unless the Court orders otherwise, all Proofs of

Claim must be submitted no later than ninety (90) calendar days after the Notice

Date.  Each Proof of Claim shall be deemed to be submitted when posted, if

received with a postmark indicated on the envelope and if mailed by first-class mail

and addressed in accordance with the instructions thereon.  In all other cases, the

Proof of Claim shall be deemed to have been submitted when it was actually

received by the Claims Administrator.  Notwithstanding the foregoing, Lead

Counsel may, at its discretion, accept for processing late claims provided that such

acceptance does not delay the distribution of the Net Settlement Fund to the Class.

16.  The Proof of Claim submitted by each Class Member must satisfy the

following conditions:  (i) it must be properly completed, signed, and submitted in a

timely manner in accordance with the provisions of the preceding subparagraph; (ii)

it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel and the Claims Administrator; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete, and contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

17.    Any Class Member who does not submit a Proof of Claim within the time provided or whose claim is not otherwise approved by the Court, (a) shall be deemed to have waived his, her, its right to share in the Net Settlement Fund, shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund; (b) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action related thereto, including, but not limited to, the Final Judgment and Order of Dismissal and the releases provided therein, whether favorable or unfavorable to the Class, unless otherwise ordered by the Court; and (c) will be fully and forever barred from commencing, maintaining, or prosecuting any of the Released Claims against each of the Defendants and their Released Parties as defined in the Stipulation.

Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

18.     All members of the Class who do not submit a valid request for exclusion in accordance with Paragraph 19 below shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

19.     **Exclusion From The Settlement Class**.  Any Person falling within the definition of the Class, may, upon request, be excluded from the Class.  Any such Person must submit to the Claims Administrator a "Request for Exclusion," postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing to the address specified in the Notice.  A Request for Exclusion must be signed by such person or his, her, or its authorized representative and shall state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of Exide common stock or Exide's $8^{5/8}$% senior secured notes due 2018 made during the Class Period, including the dates, the number of shares or notes, and price paid or received per share for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class.  A Request for Exclusion shall not be effective unless it provides all the required information, including supporting documentation of the Person's purchases and sales of Exide common stock or Exide's $8^{5/8}$% senior secured notes due 2018, and is

received within the time stated above, or is otherwise accepted by the Court. Any Class Member who fails to timely or properly opt-out, or whose request to opt out is not otherwise accepted by the Court, shall be deemed a Class Member, and shall be deemed by operation of law to have released all Released Claims against Defendants and their Released Parties.

20. Any Person who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is thereby excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any other orders or judgments in the Action, and shall have no right to receive any payment from the Net Settlement Fund.

21. **Appearance and Objections**. Class Members may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

22. Attendance at the Settlement Hearing is not mandatory. Notwithstanding, any Class Member may appear and show cause (if he, she or it has any) at the Settlement Hearing in person or by counsel and be heard in support of, or in opposition to, the fairness, reasonableness, and adequacy of the Settlement and the Final Judgment and Order of Dismissal entered thereon, the Plan of Allocation, or the Fee and Expense Application submitted by Lead Counsel. However, no Class Member or any other Person shall be heard or entitled to contest

the approval of the terms and conditions of the proposed Settlement, or, if

approved, the Final Judgment and Order of Dismissal to be entered thereon

approving the Settlement, the Plan of Allocation, or the attorneys' fees and

expenses to be awarded to Lead Counsel unless that Person has filed with the Court

and served on Lead Counsel and Defendants' Counsel written objections and copies

of any papers and briefs on or before twenty-one (21) calendar days prior to the

Settlement Hearing.  Such an objection must be signed and include the name,

address, telephone number, the number of shares of Exide common stock or

Exide's $8^{5/8}$% senior secured notes due 2018 purchased and sold during the Class

Period, including proof of all purchases and sales of Exide common stock or Exide

$8^{5/8}$% senior secured notes due 2018, and the reasons for the objection.  Any Class

Member who does not make his, her or its objection in the manner provided herein

shall be deemed to have waived such objection and shall forever be foreclosed from

making any objection to the fairness or adequacy of the proposed Settlement as

incorporated in the Stipulation, to the Final Judgment and Order of Dismissal, to

the Plan of Allocation, and/or to the award of attorneys' fees and reimbursement of

expenses to Plaintiffs' Counsel, unless otherwise ordered by the Court.

23. **Stay**.  All proceedings relating to the Class in the Action, except as set

forth in the Stipulation, are stayed until further order of this Court.  Pending the

final determination of the fairness, reasonableness, and adequacy of the proposed

Settlement, Plaintiffs and Members of the Class, either directly, representatively, or

in any other capacity, shall not institute, commence, or prosecute any other proceedings, other than those incident to the Settlement itself, against Defendants and any of the Released Parties in any action or proceeding in any court or tribunal.

24. **Settlement Funds**. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No Person that is not a member of the Class, Plaintiffs, or Plaintiffs' Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

25. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

26. **Settlement Administration Fees and Expenses**. All reasonable expenses incurred in identifying and notifying members of the Class, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed from or chargeable to the Settlement Fund in accordance with the Stipulation.

27.  **Taxes**.  Lead Counsel is authorized and directed to prepare any tax returns and any tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

28.  **Use of This Order**.  Neither the Stipulation nor the Settlement set forth therein, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it:  (a) shall be deemed to be, or shall be used as an admission of any Defendant, any Released Party, or any other Person of the validity of any Released Claims, or any wrongdoing by or liability of any Defendant or Released Party; (b) shall be deemed to be, or shall be used as an admission of any fault or omission of any Defendant or any Released Party in any statement, release, or written documents issued, filed, or made; (c) shall be offered or received in evidence against any Defendant or Released Party in any civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal other than such proceedings as may be necessary to consummate or enforce the Stipulation, the Settlement set forth therein, the releases provided pursuant thereto, and/or the Final Judgment and Dismissal Order, except that the Stipulation may be filed in the Action or in any subsequent action brought against any of the Defendants, their insurers, and/or any of the Released Parties in order to support a

defense or counterclaim of any Defendant and/or any Released Party of *res judicata*, collateral estoppel, release, good faith settlement, or any theory of claim or issue preclusion or similar defense or counterclaim, including, without limitation, specific performance of the Settlement embodied in the Stipulation as injunctive relief; (d) shall be construed against the Defendants, Released Parties, Plaintiffs, and Members of the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and (e) shall be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs and Members of the Class or any of them that any of their claims are without merit or that damages recoverable in the Action would not have exceeded the Settlement Fund.

29.   **Termination**.  If the Settlement is terminated, is not approved by this Court, or the Effective Date does not occur, then this Order shall become null and void, of no further force and effect, and shall be without prejudice to the rights of the Plaintiffs, Class Members, and Defendants, all of whom shall be restored to their respective positions with respect to the Action, as provided for in the Stipulation.

30.   **Supporting Papers**.  All papers in support of the Settlement, the Plan of Allocation, and the application by Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses shall be filed and served no later than thirty (30) calendar days prior to the Settlement Hearing; if reply papers are necessary, they

are to be filed and served no later than seven (7) calendar days prior to the

Settlement Hearing.

      31.    **Retention of Jurisdiction**.  The Court retains jurisdiction to consider

all further applications arising out of the proposed Settlement.

Dated:         _____ \_\_\_, 2016

 

 

                                     _____

                                     Hon. Stephen V. Wilson
                                     United States District Court Judge

**EXHIBIT A-1**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID M. LORITZ, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>v.<br><br>EXIDE TECHNOLOGIES, et al.<br><br>          Defendants. | Case No. 2:13-cv-02607-SVW-E |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**
**AND SETTLEMENT HEARING THEREON**

**TO:**   **ALL PERSONS WHO PURCHASED THE COMMON STOCK OF EXIDE TECHNOLOGIES ("EXIDE") DURING THE PERIOD JUNE 1, 2011 THROUGH MAY 24, 2013, INCLUSIVE, AND/OR THE 8 AND 5/8% SENIOR SECURED NOTES OF EXIDE DURING THE PERIOD AUGUST 12, 2011 THROUGH NOVEMBER 9, 2012, INCLUSIVE.**

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE PROPOSED SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM POSTMARKED ON OR BEFORE _____, 201_.

- **Securities and Time Periods**:  Exide common stock purchased during the period June 1, 2011 through May 24, 2013 (the "Stock"), inclusive, and Exide $8^{5/8}$% senior secured notes due 2018 purchased or otherwise acquired in the secondary market during the period August 12, 2011 through November 9, 2012, inclusive (the "Notes", together with the Stock, the "Securities").[1]

- **Settlement Fund**:  $14,750,000.00 in cash, plus all interest or income earned thereon.  Your recovery will depend on the amount of Exide Stock or Notes, the timing of your purchases and sales, if any, and the number of eligible Securities that participate in the Settlement and when those Securities were purchased and sold, if at all.  Based on the information currently available to Plaintiffs and the analysis performed by their damages consultant, it is estimated that if Settlement Class Members submit claims for 100% of the Securities eligible for a distribution under the proposed Plan of Allocation (described in Question 8 below), the estimated average distribution per share of Stock will be approximately $0.11 and the estimated average distribution per Note will be approximately $237.93 (per $1,000 par), before deduction of Court-approved fees and expenses, including the cost of notifying Members of the Settlement Class and settlement administration and any attorneys' fees and expenses awarded by the Court to Plaintiffs' Counsel.  Historically, actual claim rates are less than 100%, which results in higher distributions per Security.  The payment you get will reflect the percentage of the Net Settlement Fund that your Recognized Loss bears to the total of the Recognized Losses of all Authorized Claimants.

- **Reasons for Settlement**:  The Settlement resolves claims against Defendants for alleged violations of the federal securities laws that have been pending since 2013.  Defendants deny all allegations of wrongdoing. The Settlement provides the Settlement Class with a substantial benefit now (namely $14.75 million, plus interest), as compared to the risk that a smaller or no recovery would be achieved after engaging in years of further litigation – including contested motions, trial, and likely appeals, in which Defendants would have the opportunity to assert defenses to the claims asserted against them.  In light of the amount of the Settlement and the

---

[1] All otherwise undefined terms have the definitions set forth in the Stipulation of Settlement (the "Stipulation"), executed by the Parties on March 7, 2016.

immediacy of recovery to the Settlement Class Members, Plaintiffs believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.

- **Fees and Expenses**: Plaintiffs' Counsel, who have been prosecuting this Litigation on a wholly contingent basis since its inception, have not received any payment of attorneys' fees for their representation of the Settlement Class (including, but not limited to, investigating the facts, drafting and filing the Complaint, responding to Defendants' motions to dismiss, reviewing millions of pages of document production, deposing defendants and third-parties, and negotiating the Settlement) and have advanced the funds to pay expenses necessarily incurred to prosecute the Action. Plaintiffs' Counsel will ask the Court for attorneys' fees not to exceed 30% of the Settlement Fund and reimbursement of out-of-pocket expenses not to exceed $1,900,000 to be paid from the Settlement Fund. Additionally, Plaintiffs' Counsel intend to ask the Court to grant: Lead Plaintiffs and class representatives James Cassella and Sandra Weitsman awards not to exceed $7,500 each; named Plaintiffs and class representatives James Close and Steamfitters' Industry Security Benefit Fund awards not to exceed $5,000 each; named Plaintiff Mitchell Abel an award not to exceed $3,000; and named Plaintiff Kevin Grace an award not to exceed $1,500. If the above amounts are requested and approved by the Court, the average cost per Security will be approximately $0.05 per damaged share of Exide Stock and $102.50 per Note. After deduction of the requested attorneys' fees, expenses, and reimbursement awards, the approximate recovery is an average of $0.06 per allegedly damaged share of Exide Stock and $135.43 per Note.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN _____ __, 2016** | The only way to get a payment. |
| **EXCLUDE YOURSELF NO LATER THAN _____ __, 2016** | Get no payment. This is the only option that allows you to be part of any other lawsuit against Defendants about the legal claims in this case. |
| **OBJECT NO LATER THAN _____ __, 2016** | Write to the Court about why you do not like the Settlement. |
| **GO TO THE SETTLEMENT HEARING ON _____ __, 2016** | Speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

### WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? ........................................ Page _
What Is The Lawsuit About? ........................................ Page _
Why Is This A Class Action? ........................................ Page _
Why Is There A Settlement? ........................................ Page _
How Do I Know If I Am Part of The Settlement? ........................................ Page _
Are There Exceptions To Being Included In the Settlement? ........................................ Page _
What Does The Settlement Provide? ........................................ Page _

3

How Much Will My Payment Be? What Is The Plan Of Allocation?          Page _
How Do I Participate In The Settlement?                              Page _
When Will I Receive My Payment?                                     Page _
What Rights Am I Giving Up By Remaining In The Settlement Class?     Page _
What If A Settlement Class Member Is Deceased?                       Page _
What If I Bought Exide Securities On Someone Else's Behalf           Page _
How Do I Exclude Myself From The Settlement?                         Page _
If I Do Not Exclude Myself, Can I Sue Defendants For The Same Thing Later?   Page _
If I Exclude Myself, Can I Get Money From This Settlement?           Page _
Do I Have A Lawyer In This Case?                                    Page _
How Will The Lawyers Be Paid?                                       Page _
How Do I Tell The Court That I Do Not Like The Settlement?          Page _
What Is The Difference Between Objecting and Excluding?              Page _
When And Where Will the Court Decide Whether To Approve The Settlement?   Page _
Do I Have To Come To The Hearing?                                   Page _
May I Speak At The Settlement Hearing                               Page _
What Happens If I Do Nothing At All?                                Page _
How Can I Get More Information?                                     Page _

**1.      Why Did I Get This Notice Package?**

You or someone in your family may have purchased Exide Stock during the period June 1, 2011 through May 24, 2013, inclusive, or purchased or otherwise acquired Exide Notes during the period August 12, 2011 through November 9, 2012, inclusive (the "Settlement Class Period").

The Court directed us to send this Notice because, as a potential Settlement Class Member, you have a right to know about the proposed Settlement, and about all of your options. Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights. *See* Question 3 below. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Plaintiffs and approved by the Court will issue payments pursuant to the Settlement and the court-approved Plan of Allocation. This Notice is also being sent to inform you of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the Fee and Expense Application.

The Court in charge of the case is the Honorable Stephen V. Wilson of the United States District Court for the Central District of California, and the case is known as *Loritz v. Exide, et al.* Case No. 2:13-cv-02607-SVW-E.

**2.      What Is This Lawsuit About?**

Plaintiffs allege that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Sections 11 and 15 of the Securities Act of 1933 by allegedly misrepresenting or omitting material facts about, among other things, alleged significant environmental problems at the Company's Vernon, California battery recycling plant and alleged liquidity problems being experienced by the Company as a whole. Plaintiffs allege that the purported

false and misleading statements or omissions resulted in the artificial inflation of the price of Exide Securities during the period June 1, 2011 through May 24, 2013, inclusive.

Defendants, individually and collectively, have denied and continue to deny any wrongdoing whatsoever and have denied and continue to deny that Exide's Vernon facility was experiencing significant environmental problems or that they have committed or attempted to commit, any of the wrongful acts or violations of law that are alleged in the Action, including that they made any material misrepresentations or omissions or that the Plaintiffs or Members of the Settlement Class were harmed by the conduct alleged in the Complaint.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action, and maintain that their conduct was at all times proper and in compliance with applicable provisions of law.

Plaintiffs and Defendants disagree on liability and damages.  Plaintiff believes that, if the class prevailed on their remaining claims and the Court accepted their theory of damages, the class would have potentially received a jury award of up to $145.01 million, before deductions for fees and expenses and assuming that the full amount of the judgment was collectable.  Defendants deny that they are liable to the class and deny that the class has suffered any damages.  Defendants believe that even if Plaintiffs were to prove the other elements of their claims, there are no damages that can be proved. The Settlement resolves all certified claims against Defendants.

## 3.      Why Is This a Class Action?

A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  Once the class is certified, the court must resolve all issues on behalf of the class members, except for any Persons who choose to exclude themselves from the class.  Here, all these people, together, are called the Settlement Class or Settlement Class Members.

In a class action, one or more people called lead plaintiffs or class representatives sue on behalf of people who have similar claims.  In the Action, the Court appointed James Cassella and Sandra Weitsman to serve as the Lead Plaintiffs, and approved Lead Plaintiffs' selection of Federman & Sherwood to serve as lead counsel on behalf of the Settlement Class ("Lead Counsel").

The Court has preliminarily certified the Action to proceed as a class action for settlement purposes only and preliminarily certified Plaintiffs James Cassella, Sandra Weitsman, James Close, and Steamfitters' Industry Security Benefit Fund as the representatives for the Settlement Class.

## 4.      Why Is There a Settlement?

The Court did not decide in favor of Plaintiffs or Defendants.  Instead, the Parties have negotiated a settlement that they believe is in the best interests of their respective clients.  The Settlement allows both sides to avoid the risks and cost of lengthy and uncertain litigation and the uncertainty of a trial and appeals, and permits eligible Settlement Class Members to be compensated without further delay.

The proposed Settlement was arrived at through lengthy, arms'-length negotiations. Plaintiffs and Lead Counsel agreed to the terms of the proposed Settlement after considering the results of their factual and legal investigation, and the strengths and weaknesses of the claims and defenses asserted in the Action.  Based upon that evaluation, among other things, Plaintiffs and Lead Counsel have concluded that the terms and conditions of the proposed Settlement are fair, reasonable and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims alleged in the Action pursuant to the terms and provisions of the Stipulation.

**5.     How Do I Know If I Am Part of the Settlement?**

The Settlement Class includes all Persons who purchased or otherwise acquired Exide Stock during the period June 1, 2011 through May 24, 2013, inclusive, and all Persons who purchased or otherwise acquired in the secondary market Exide Notes during the period August 12, 2011 through November 9, 2012, inclusive.

**6.     Are There Exceptions to Being Included in the Settlement Class?**

Yes. Excluded from the Settlement Class are Defendants, members of the immediate family of the Defendants, any entity in which any Defendants have or had a controlling interest, any entity for which any Defendant acted as an investment member, current and former directors and officers of Exide and the legal representatives, heirs, successors, or assigns of any such excluded Person.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to this Notice.

**7.     What Does the Settlement Provide?**

Defendants have agreed to cause their insurer to pay $14.75 million in cash in settlement of the Action (the "Cash Settlement Amount").  The Cash Settlement Amount, plus interest or income earned thereon from the date it is established (the "Settlement Fund"), less costs, fees, and expenses (the "Net Settlement Fund"), will be divided among all eligible Settlement Class Members who submit valid Proofs of Claim  and whose claim for recovery has been allowed pursuant to the terms of the Stipulation ("Authorized Claimants").  Costs, fees, and expenses include Court-approved attorneys' fees and expenses, the costs of notifying Settlement Class Members, including the costs of printing and mailing this Notice and the cost of publishing the Publication Notice, the costs of claims administration, and Taxes on the Settlement Fund.

**8.     How Much Will My Payment Be?  What is the Plan of Allocation?**

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proof of Claim and Release forms ("Claimants") under the Plan of Allocation (the "Plan") described below.

For purposes of determining the amount a Claimant may recover under the Plan, Counsel conferred with their damage consultants and the Plan reflects an assessment of the damages that

they believe could have been recovered had the Plaintiffs prevailed at trial. The Court may approve the settlement and stipulation, even if it does not approve the Plan of the settlement proceeds.

## A. Eligible Securities

The Exide securities for which a Claimant may be entitled to receive a distribution from the Net Settlement Fund consist of Exide Stock purchased during the Class Period and Exide 8-5/8% senior secured notes due February 1, 2018 (the "Exide Notes") purchased in the secondary market during the period August 12, 2011 through November 9, 2012, pursuant to or traceable to the Company's offering prospectus effective and dated August 12, 2011 (collectively, the "Eligible Securities").

## B. Recognized Claim

In developing the Plan of Allocation with respect to Exide Stock purchasers, Plaintiffs' damages expert calculated the maximum potential amount of estimated alleged artificial inflation in the per share closing prices of Exide Stock that purportedly was proximately caused by Defendants' alleged misrepresentations and material omissions. In performing this calculation, Plaintiffs' damages expert considered price changes in Exide Stock in reaction to certain public announcements regarding Exide in which such misrepresentations and material omissions were alleged to have been revealed to the market (which are termed "corrective disclosures"), adjusting for price changes that were attributable to market or industry forces. Because corrective disclosures reduced the artificial inflation in stages over the course of the Settlement Class Period, the damages suffered by any particular claimant depends on when that claimant purchased and sold shares, and whether the claimant retained shares beyond the end of the Settlement Class Period.

With respect to the Exide 8-5/8% senior secured notes due February 1, 2018 (the "Exide Notes") purchased in the secondary market during the period August 12, 2011 through November 9, 2012, pursuant to or traceable to the Company's offering prospectus dated August 12, 2011, Plaintiffs' damages expert calculated the maximum potential damages under applicable provisions of Section 11 of the Securities Act. Because corrective disclosures reduced the artificial inflation in stages over the course of the Settlement Class Period, the damages suffered by any particular claimant depends on when that claimant purchased and sold shares, and whether the claimant retained shares beyond the end of the Settlement Class Period.

For the Exide Securities, a Recognized Loss will be calculated as set forth below for each purchase or other acquisition of an Eligible Security during the Settlement Class Period. The calculation of Recognized Loss will depend upon several factors, including (i) when the security was purchased or otherwise acquired, and in what amount; and (ii) whether the security was sold, and if so, when, and in what amount.

The Recognized Loss formulas within the Plan of Allocation with respect to the Eligible Securities are not indicative of damages that the Plaintiffs may have sought to present to a jury, had the case gone to trial, and do not take into account certain defenses that were and might have been raised by Defendants had the case progressed to summary judgment motions and/or trial.

7

A "Recognized Loss" will be calculated as described below for each purchase or other acquisition of Eligible Securities that are listed in the Proof of Claim form, and for which adequate documentation is provided.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a result of the alleged misrepresentations and omissions of the Defendants, as opposed to losses caused by market or industry factors or other company-specific factors. Fifty percent (50%) of the Net Settlement Fund will be allocated to the Recognized Losses of Stock purchasers and fifty percent (50%) will be allocated to the Recognized Losses of the Note purchasers.

**Exide Common Stock**

Based on the foregoing, and for purposes of this settlement only, Recognized Loss for Exide Stock will be calculated as follows:

For each share of Exide Stock purchased or otherwise acquired during any of the periods shown in the left column of Table-1, and:

a.  sold within the same period, the Recognized Loss per share is zero.

b.  sold in a subsequent period, the Recognized Loss per share is the lesser of:
    i.   the decline in inflation per share shown below in Table-1; or
    ii.  the purchase price per share less the sales price per share.

c.  retained beyond May 23, 2013 but sold before August 21, 2013, the Recognized Loss per share is the lesser of:
    i.    the decline in inflation per share shown in Table-1; or
    ii.   the difference between the purchase price and the sales price; or
    iii.  the purchase price per share less the price per share identified in the far right column in Table-2 for the date the share(s) were sold.[2]

d.  retained on August 21, 2013, the Recognized Loss per share is the lesser of:
    i.   the decline in inflation per share shown in Table-1; or
    ii.  the difference between the purchase price per share and $0.21 per share.

---

[2] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." $0.21 was the mean (average) daily closing trading price of Exide common stock during the 90-day period beginning on May 24, 2013 and ending on August 21, 2013.

**Table-1:**

| Purchase Date | Sale Date | | | Retained Beyond 5/23/2013 |
|---|---|---|---|---|
| | 6/1/2011-4/3/2013 | 4/4/2013-4/24/2013 | 4/25/2010-5/23/2010 | |
| 6/1/2011-4/3/2013 | $0.00 | $1.24 | $1.58 | $1.91 |
| 4/4/2013-4/24/2013 | | $0.00 | $0.34 | $0.67 |
| 4/25/2013-5/23/2013 | | | $0.00 | $0.33 |

**TABLE 2**
**Exide Common Stock Closing Price and Average Closing Price**
**May 24, 2013 – August 21, 2013**

| Date | Closing Price | Average Closing Price Between May 24, 2013 and Date Shown | Date | Closing Price | Average Closing Price Between May 24, 2013 and Date Shown |
|---|---|---|---|---|---|
| 5/24/2013 | $0.45 | $0.45 | 7/10/2013 | $0.12 | $0.25 |
| 5/28/2013 | $0.48 | $0.46 | 7/11/2013 | $0.12 | $0.25 |
| 5/29/2013 | $0.47 | $0.47 | 7/12/2013 | $0.12 | $0.24 |
| 5/30/2013 | $0.47 | $0.47 | 7/15/2013 | $0.13 | $0.24 |
| 5/31/2013 | $0.45 | $0.46 | 7/16/2013 | $0.15 | $0.24 |
| 6/3/2013 | $0.46 | $0.46 | 7/17/2013 | $0.15 | $0.24 |
| 6/4/2013 | $0.47 | $0.46 | 7/18/2013 | $0.14 | $0.23 |
| 6/5/2013 | $0.40 | $0.46 | 7/19/2013 | $0.14 | $0.23 |
| 6/6/2013 | $0.34 | $0.44 | 7/22/2013 | $0.13 | $0.23 |
| 6/7/2013 | $0.20 | $0.42 | 7/23/2013 | $0.13 | $0.23 |
| 6/10/2013 | $0.20 | $0.40 | 7/24/2013 | $0.13 | $0.22 |
| 6/11/2013 | $0.22 | $0.38 | 7/25/2013 | $0.13 | $0.22 |
| 6/12/2013 | $0.22 | $0.37 | 7/26/2013 | $0.13 | $0.22 |
| 6/13/2013 | $0.23 | $0.36 | 7/29/2013 | $0.13 | $0.22 |
| 6/14/2013 | $0.24 | $0.35 | 7/30/2013 | $0.13 | $0.22 |
| 6/17/2013 | $0.22 | $0.35 | 7/31/2013 | $0.13 | $0.21 |
| 6/18/2013 | $0.23 | $0.34 | 8/1/2013 | $0.15 | $0.21 |
| 6/19/2013 | $0.19 | $0.33 | 8/2/2013 | $0.15 | $0.21 |
| 6/20/2013 | $0.21 | $0.32 | 8/5/2013 | $0.22 | $0.21 |
| 6/21/2013 | $0.17 | $0.32 | 8/6/2013 | $0.19 | $0.21 |
| 6/24/2013 | $0.16 | $0.31 | 8/7/2013 | $0.16 | $0.21 |
| 6/25/2013 | $0.15 | $0.30 | 8/8/2013 | $0.18 | $0.21 |
| 6/26/2013 | $0.16 | $0.30 | 8/9/2013 | $0.17 | $0.21 |
| 6/27/2013 | $0.14 | $0.29 | 8/12/2013 | $0.18 | $0.21 |
| 6/28/2013 | $0.13 | $0.28 | 8/13/2013 | $0.18 | $0.21 |
| 7/1/2013 | $0.15 | $0.28 | 8/14/2013 | $0.19 | $0.21 |
| 7/2/2013 | $0.15 | $0.27 | 8/15/2013 | $0.19 | $0.21 |
| 7/3/2013 | $0.15 | $0.27 | 8/16/2013 | $0.19 | $0.21 |
| 7/5/2013 | $0.15 | $0.26 | 8/19/2013 | $0.19 | $0.21 |
| 7/8/2013 | $0.14 | $0.26 | 8/20/2013 | $0.19 | $0.21 |
| 7/9/2013 | $0.13 | $0.26 | 8/21/2013 | $0.18 | $0.21 |

**Exide Notes**

Based on the foregoing, and for purposes of this Settlement and Plan of Allocation only, Recognized Loss for Exide Notes will be calculated as follows:

For Exide Notes purchased or otherwise acquired in the secondary market between August 12, 2011 and November 9, 2012, inclusive and:

a.  sold prior to April 4, 2013 the Recognized Loss per Note is zero.

b.  sold between April 4, 2013 and April 24, 2013, inclusive, the Recognized Loss per Note is the lesser of:
    i.   $8.88 per $100 of par value; or
    ii.  the purchase price (capped by the price on the offering date of $100 per $100 of par value) less the sales price.

c.  sold between April 25, 2013 and May 23, 2013, inclusive, the Recognized Loss per Note is the lesser of:
    i.   $18.20 per $100 of par value; or
    ii.  the purchase price (capped by the price on the offering date of $100 per $100 of par value) less the sales price.

d.  Retained beyond May 23, 2013 the Recognized Loss per Note is the lesser of:
    i.   $24.28 per $100 of par value; or
    ii.  the purchase price (capped by the price on the offering date of $100 per $100 of par value) less the sales price.

## ADDITIONAL PROVISIONS

To the extent that a claimant suffered an overall actual market loss on his, her, or its overall transactions in Exide Securities during the relevant period, but that actual market loss was less than the total Recognized Loss calculated above, then the claimant's Recognized Loss shall be limited to the amount of the actual market loss.

For purposes of determining whether a Claimant had a gain from his, her or its overall transactions in Exide Securities during the Settlement Class Period or suffered a loss, the Claims Administrator shall: (i) total the amount paid for all Exide Securities purchased/acquired during the Settlement Class Period ("Purchased Securities") by the claimant (the "Total Purchase Amount"); (ii) match any sales of Exide Securities during the Settlement Class Period, on a Security-by-Security, First-In, First-Out ("FIFO") basis, against the Claimant's Purchased Securities (the "Matched Securities") and Securities held at the beginning of the Class Period; (iii) total the amounts received for sales of the Matched Securities during the Settlement Class Period (the "Sales Proceeds"); and (iv) ascribe a holding value for the remainder of the Purchased Securities that were not paired with Matched Securities, at $0.45 per share for Exide common stock (the closing price on May 24, 2013) and at $78.98 per $100 of par for the Exide Note ("Holding Value"). The difference between (x) the Total Purchase Amount ((i) above) and (y) the sum of the Sales Proceeds ((iii) above) and the Holding Value ((iv) above) will be deemed a

11

Claimant's gain or loss on his, her or its overall transactions in Exide Securities during the Settlement Class Period.

Each Authorized Claimant shall recover his, her, or its pro rata share of the Net Settlement Fund. If the prorated share calculates to less than $10.00, it will be removed from the calculation and it will not be paid.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. Following an initial distribution of the Net Settlement Fund, if Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a redistribution of any funds remaining in the Net Settlement Fund by reason of returned or uncashed checks or otherwise, to Authorized Claimants who have cashed their initial distribution checks and who would receive at least $10.00 on such redistribution based on their Recognized Losses, after payment from the Net Settlement Fund of any unpaid costs or fees incurred in administering the funds, including for such redistribution. Additional redistributions may occur thereafter to Authorized Claimants if Counsel, in consultation with the Claims Administrator, determines that additional redistribution is cost-effective. At such time as it is determined that the redistribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance of the Net Settlement Fund shall be contributed to a non-sectarian, not-for-profit charitable organization serving the public interest, designated by Plaintiffs and approved by the Court.

Each claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Central District of California with respect to his, her or its Proof of Claim form.

## 9.   How Will I Receive a Payment?

Each Person wishing to participate in the distribution of the Net Settlement Fund must timely submit a valid Proof of Claim establishing membership in the Settlement Class, and include all required documentation, postmarked on or before [_____ ], 2016, to the address set forth in the Proof of Claim that accompanies this Notice.  A Proof of Claim form is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it postmarked on or before ___, 2016.

Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Proof of Claim postmarked on or before [   ], 2016, shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation and Settlement that is approved, including the terms of any judgment entered and releases given.

Persons that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit a Proof of Claim.

**10.      When Will I Receive My Payment?**

The Court will hold a hearing on _____, 2016, to decide whether to approve the Settlement, the proposed Plan of Allocation, and Fee and Expense Application.  If the Settlement is approved by the Court, and upon satisfaction of the other conditions to the Settlement, including the expiration of the time for the filing of any appeals, the Net Settlement Fund will be distributed to Authorized Claimants in accordance with the Plan of Allocation approved by the Court.

The claims administration process takes time.  Please be patient.

**11.      What Rights Am I Giving Up by Remaining in the Settlement Class?**

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants or the Defendants' Released Parties about the Released Claims in this case.  It also means that all of the Court's orders will apply to you and legally bind you and, in return for your participation in the Settlement, you will release your claims in this case against the Defendants and the Defendants' Released Parties.  The terms of the release are included in the Proof of Claim that is enclosed.

**12.      What If A Settlement Class Member Is Deceased?**

The authorized legal representative(s) of a Settlement Class Member may receive a recovery on behalf of the deceased Settlement Class Member.

**13.      What If I Bought Exide Securities On Someone Else's Behalf?**

If you purchased Exide Securities during the Settlement Class Period for the beneficial interest of a Settlement Class Member, you must either (a) send copies of the Notice and Proof of Claim to the beneficial owner(s) of the Securities within ten (10) days from the receipt of the Notice, and provide written confirmation to the Claims Administrator of such transmittal, or (b) provide the Claims Administrator with the names and addresses of such beneficial owner(s) within ten (10) days from the receipt of the Notice, in which event the Claims Administrator will promptly mail the Notice and Proof of Claim to such beneficial owner(s). The Claims Administrator will provide nominees with additional copies of the Notice and Proof of Claim upon request.  Nominees may seek reimbursement of their reasonable administrative costs and expenses actually incurred in searching their records to find the names and addresses of beneficial owners and for mailing the Notice and Proof Claim by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

Copies of this Notice and the Proof of Claim can be obtained from the website maintained by the Claims Administrator, www.[____].com, by calling the Claims Administrator toll-free at 1-800-[   ], or from Lead Counsel's website, www.federmanlaw.com.

If you do not want a payment from the Settlement, but you want to keep the right to sue or continue to sue one or more of the Defendants on your own for the Released Claims in this case,

then you must take steps to get out of the Settlement Class.  This is called excluding yourself from, or is sometimes referred to as opting out of, the Settlement Class.

**14.     How Do I Exclude Myself from the Settlement?**

If you do not want a payment from the Settlement, but you want to keep the right to sue or continue to sue one or more of the Defendants on your own for the Released Claims in this case, then you must take steps to get out of the Settlement Class.  This is called excluding yourself from the Settlement Class.

To exclude yourself from the Settlement Class, you must send a letter by first-class mail by [     ], 2016, stating that you want to be excluded from *David M. Loritz v. Exide Technologies, et al.*, No. 2:13-cv-02607-SVW-E.  You must include (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of Exide Securities made during the Settlement Class Period, including the dates, the number of shares of Stock or Notes, and price paid or received per share of Stock or Notes for each such purchase or sale; and (c) a statement that the Person wishes to be excluded from the Settlement Class.  No request for exclusion will be considered valid unless all of the information described above is included in any such request.

Any Person who wishes to exclude him/her/itself from the Settlement Class must submit a valid and timely Request for Exclusion to:

[Claims Administrator]
*Loritz v. Exide, et al.*,
EXCLUSIONS
[ADDRESS]
[CITY STATE ZIP]

You cannot exclude yourself on the phone, by fax, or by e-mail.  If you ask to be excluded, you are not eligible to receive any Settlement payment, and you cannot object to the Settlement, or any part of it.

**15.     If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No.  Unless you exclude yourself, you give up any right to sue the Defendants and the Defendants' Released Parties for all the Released Claims in the Settlement.  If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is [ ], 201_.

**16.     If I Exclude Myself, Can I Get Money from This Settlement?**

No.  If you exclude yourself, do not send in a Proof of Claim.  But, you may sue, continue to sue, or be part of a different lawsuit, involving the Released Claims against the Defendants and their Corresponding Parties.  Once you exclude yourself, you will receive no cash payment even if you also submit a Proof of Claim.

14

**THE LAWYERS REPRESENTING YOU**

**17.    Do I Have a Lawyer in This Case?**

The Court appointed Federman & Sherwood (Lead Counsel) to represent you and other Settlement Class Members.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**18.    How Will the Lawyers Be Paid?**

To date, Plaintiffs' Counsel have not received any payment for their services in conducting this Litigation on behalf of the Plaintiffs and the Settlement Class and have not been paid for their substantial out-of-pocket expenses.  Plaintiffs' Counsel, including Lead Counsel, will ask the Court for an award of attorneys' fees not to exceed 30% of the Settlement Fund and for the reimbursement of out-of-pocket expenses of up to $1,900,000, which were incurred in connection with the Action.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

The attorneys' fees and expenses requested, to the extent they are awarded by the Court, will be the only payment to Plaintiffs' Counsel for their efforts in achieving the Settlement and for their risk in undertaking this representation on a wholly-contingent basis.  The fees requested, if awarded, will compensate Plaintiffs' Counsel for their work and risk in achieving the Settlement.  Plaintiffs' Counsel believe that these fees are well within the range of fees awarded to class counsel under similar circumstances in other cases of this type.

**19.    How Do I Tell the Court that I Do Not Like the Settlement?**

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it, including the proposed Plan of Allocation and the request for attorneys' fees and reimbursement of out-of-pocket expenses.  You can state why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a written objection saying that you object to the Settlement, or any part of it, in *Loritz v. Exide, et al.*, No. 13-cv-02607-SVW-E.  Be sure to include your name, address, telephone number, your signature, the type and number of Exide Securities purchased and sold during the period March June 1, 2011 through May 24, 2013, and the reasons for your objection.  Any Person who wishes to object to the Settlement, the Plan of Allocation and/or the Fee and Expenses Application must file and serve an objection on or before [   ], 2016, to:

| **Clerk's Office** | **Counsel for Plaintiffs** | **Counsel for Defendants** |
|---|---|---|
| Clerk of Court United States District Court Central District of California 312 North Spring Street Los Angeles, CA 90012-4701 | William B. Federman, Esq. Brooke Murphy, Esq. FEDERMAN & SHERWOOD 10205 N. Pennsylvania Ave. Oklahoma City, OK 73120 Facsimile: (405) 239-2112 | David H. Kistenbroker, Esq. Carl E. Volz, Esq. DECHERT LLP 35 W. Wacker Drive, Ste. 3400 Chicago, IL 60601 Facsimile: (312) 646-5858 |

You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

If you file an objection to the proposed Settlement, proposed Plan of Allocation, and/or the Fee and Expense Application you also have a right to appear at the Settlement Hearing either in person or through counsel hired by you at your own expense. If you wish to be heard orally at the hearing in opposition to the approval of the proposed Settlement, the proposed Plan of Allocation, or the Fee and Expense Application, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on the Claims Administrator at the address set forth above. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation and the Fee and Expense Application.

## 20.    What is the Difference Between Objecting and Excluding?

Objecting is telling the Court that you do not like something about the proposed Settlement or any part of it, including the proposed Plan of Allocation, and Fee and Expense Application. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## 21.    When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a hearing to decide whether to approve the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application (the "Settlement Hearing"). You may attend and you may ask to speak, but you do not have to.

The Settlement Hearing will take place at _____ a.m., on _____, 201_, at the United States District Court for the Central District of California, Courtroom 6, 312 North Spring Street, Los Angeles, CA 90012. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Wilson will listen to people who have asked to speak at the hearing. *See* Question 19, above. The Court will also decide whether to approve the proposed Plan of Allocation and the payment of fees and expenses to Plaintiffs' Counsel. The Court may decide these issues at the hearing or take them under consideration and decide them at a later time. We do not know how long these decisions will take.

The Court may adjourn or continue the Settlement Hearing without further notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**22.     Do I have to Come to the Hearing?**

No. Settlement Class Members do not need to attend the Settlement Hearing; thus, you are not obligated to attend. Lead Counsel will answer any questions Judge Wilson may have. Moreover, the Court will consider any submission made in accordance with the provisions in this Notice even if the Settlement Class Member does not attend the hearing. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. *See* Question 18, above.

**23.     May I Speak at the Hearing?**

You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must send a letter saying that it is your intention to appear in *Loritz v. Exide Technologies, et al.*, No. 2:13-cv-02607-SVW-E. Be sure to include your name, address, telephone number, your signature, and the number and type of Exide Securities purchased during the Settlement Class Period. Your notice of intention to appear must be filed with the Court at the address above (*see* Question 19) prior to the date of the Settlement Hearing, and be sent to the Lead Counsel, and Defendants' counsel, at the addresses below.

| | |
|---|---|
| William B. Federman, Esq. | David H. Kistenbroker, Esq. |
| A. Brooke Murphy, Esq. | Carl E. Volz, Esq. |
| FEDERMAN & SHERWOOD | DECHERT LLP |
| 10205 N. Pennsylvania Avenue | 35 W. Wacker Drive, Ste. 3400 |
| Oklahoma City, OK 73120 | Chicago, IL 60601 |
| | |
| *Counsel for Plaintiffs and Lead Counsel for the Settlement Class* | *Counsel for Defendants* |

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

**24.     What Happens if I Do Nothing at All?**

If you do nothing, you will receive no money from the Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants and their Corresponding Related Parties about the Released Claims in this case.

**25.     How Do I Get More Information?**

This Notice is a summary and does not describe all of the details of the Stipulation of Settlement. For the precise terms and conditions of the proposed Settlement, you may review the

Stipulation filed with the Court, as well as the other pleadings and records of the Action, which may be inspected during regular business hours, at the office of the Clerk of the Court, United States District Court for the Central District of California, 312 North Spring Street Los Angeles, CA 90012-4701, during regular business hours, or from Lead Counsel's website, www.federmanlaw.com.  Settlement Class Members without access to the internet may be able to review the Stipulation on-line at locations such as a public library.

For further information regarding the proposed Settlement you may contact:

| __Claims Administrator__ | __Counsel for Plaintiffs__ |
|---|---|
| *Loritz v. Exide Technologies, et al.*<br>c/o KCC, LLC<br><br>_____<br><br>_____<br><br>_____ | William B. Federman, Esq.<br>Brooke Murphy, Esq.<br>FEDERMAN & SHERWOOD<br>10205 N. Pennsylvania Ave.<br>Oklahoma City, OK 73120<br>Telephone: (405) 235-1560 |

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

---

**SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES**

Bankers, brokers, and nominees ("Nominees") who held Exide Stock during the period June 1, 2011 through May 24, 2013, inclusive, and/or Exide $8^{5/8}$% Notes purchased in the secondary market during the period August 12, 2011 through November 9, 2012, inclusive, for the beneficial ownership of another Person, shall send the Notice and the Proof of Claim to such beneficial owners of such Exide Securities within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the Proof of Claim to such beneficial owners.  Nominees may obtain reimbursement for reasonable administrative costs actually incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.  Nominees who do not intend to comply with the provisions of this paragraph are requested to notify the Claims Administrator of that fact.

---

DATED: _____, 2016                BY ORDER OF THE COURT
                                            UNITED STATES DISTRICT COURT
                                            CENTRAL DISTRICT OF CALIFORNIA

**EXHIBIT A-2**

*Loritz v. Exide Technologies, et al.*
c/o KCC, LLC
P.O. Box ___

_____

**PROOF OF CLAIM AND RELEASE**

**Deadline for Submission:** _____

**IF YOU PURCHASED THE COMMON STOCK OF EXIDE TECHNOLOGIES ("EXIDE") DURING THE PERIOD JUNE 1, 2011 THROUGH MAY 24, 2013, INCLUSIVE, OR EXIDE 8 AND 5/8% SENIOR SECURED NOTES DUE 2018 IN THE SECONDARY MARKET DURING THE PERIOD FROM AUGUST 12, 2011 THROUGH NOVEMBER 9, 2012, INCLUSIVE (THE "SETTLEMENT CLASS PERIOD"), AND WERE DAMAGED THEREBY, YOU ARE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.**

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE ("PROOF OF CLAIM") AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____ TO KCC, LLC, THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

*Loritz v. Exide Technologies, et al.*
c/o KCC, LLC
P.O. Box ___

_____

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, 201\_ WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

**CLAIMANT'S STATEMENT**

1. I (we) purchased common stock of Exide during the period June 1, 2011 through May 24, 2013, inclusive, and/or Exide 8 and 5/8% senior secured notes due 2018 in the Secondary Market during the period from August 12, 2011 through November 9, 2012, inclusive, and was (were) damaged thereby. (Do not submit this Proof of Claim if you did not purchase Exide common stock or senior secured notes during the designated Settlement Class Period).

2. By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Class Member as defined above and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim.

4.  I (we) have set forth where requested below all relevant information with respect to each transaction in Exide stock or senior secured notes during the Settlement Class Period. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5.  I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale or retention of Exide stock or senior secured notes listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.  I (we) understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The requested information is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your recognized claim. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) below shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Released Claims," as defined in the Stipulation of Settlement.

8.  NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at [_____] or visit their website at www._____.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

**Must Be Postmarked or Received No Later Than Month DD, 2016**

Official Office Use Only

United States District Court
for the Central District of California

*Loritz v. Exide, et al.*

Civil Action No. 2:13-cv-02607-SVW-E

**PROOF OF CLAIM AND RELEASE**

<u>Please Type or Print in the Boxes Below</u>
Do <u>NOT</u> use Red Ink, Pencil, or Staples

**EXD**



## PART I: CLAIMANT IDENTIFICATION

Last Name

M.I.   First Name

Last Name (Co-Beneficial Owner)

M.I.   First Name (Co-Beneficial Owner)

○ IRA       ○ Joint Tenancy       ○ Employee       ○ Individual       ○ Other_____
(specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Last Four Digits of Social Security Number          Taxpayer Identification Number

or                                                —

Telephone Number (Primary Daytime)          Telephone Number (Alternate)

—          —                                          —          —

Email Address

### MAILING INFORMATION

Address

Address

City          State     Zip Code

Foreign Province          Foreign Postal Code          Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | OB | | CB | | ○ ATP<br>○ KE<br>○ ICI | ○ BE<br>○ DR<br>○ EM | ○ FL<br>○ ME<br>○ ND | ○ OP<br>○ RE<br>○ SH | M M / D D / Y Y Y Y | FOR CLAIMS PROCESSING ONLY |



3

**PART IV - SCHEDULE OF TRANSACTIONS IN EXIDE STOCK**

A. **Beginning Holdings:** State the total number of shares of Exide common stock owned at the close of trading on May 31, 2011, long or short (*must be documented*).

Proof Enclosed? ○ Y  ○ N

B. **Purchases During the Settlement Class Period:** Separately list each and every purchase of Exide common stock during the period from June 1, 2011 through August 21, 2013, inclusive, and provide the following information (*must be documented*):

PURCHASES

| | Trade Date(s) of Shares (List Chronologically) M M / D D / Y Y Y Y | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Purchase Enclosed? |
|---|---|---|---|---|
| 1. | / / | | $            .00 | ○ Y ○ N |
| 2. | / / | | $            .00 | ○ Y ○ N |
| 3. | / / | | $            .00 | ○ Y ○ N |
| 4. | / / | | $            .00 | ○ Y ○ N |
| 5. | / / | | $            .00 | ○ Y ○ N |

C. **Sales During the Settlement Class Period:** Separately list each and every sale of Exide common stock during the period from June 1, 2011 through August 21, 2013, inclusive, and provide the following information (*must be documented*):

SALES

| | Trade Date(s) of Shares (List Chronologically) M M / D D / Y Y Y Y | Number of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Sales Enclosed? |
|---|---|---|---|---|
| 1. | / / | | $            .00 | ○ Y ○ N |
| 2. | / / | | $            .00 | ○ Y ○ N |
| 3. | / / | | $            .00 | ○ Y ○ N |
| 4. | / / | | $            .00 | ○ Y ○ N |
| 5. | / / | | $            .00 | ○ Y ○ N |

D. **End Holdings:** State the total number of shares of Exide common stock owned at the close of trading on August 21, 2013, long or short (*must be documented*).

Proof Enclosed? ○ Y  ○ N

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PLEASE PHOTOCOPY THIS PAGE,
WRITE YOUR NAME ON THE COPY AND FILL THIS CIRCLE: ○

IF YOU DO NOT FILL IN THIS CIRCLE THESE ADDITIONAL PAGES MAY NOT BE REVIEWED.

YOU MUST READ AND SIGN THE RELEASE ON PAGE 6.  FAILURE TO SIGN THE RELEASE
MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.



A. **Beginning Holdings:** State the total number of Exide senior secured notes owned at the close of trading on August 11, 2011 (*must be documented*).

Proof Enclosed?
○ Y
○ N

B. **Purchases During the Settlement Class Period:** Separately list each and every purchase of Exide senior secured notes in the Secondary Market during the period from August 12, 2011 through May 24, 2013, inclusive, and provide the following information (*must be documented*):

| PURCHASES | | | |
|---|---|---|---|
| Trade Date(s) of Shares (List Chronologically) | Original Face Value of Notes Purchased | Total Purchase Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Purchase Enclosed? |
| M M / D D / Y Y Y Y | | | |
| 1. __ __ / __ __ / __ __ __ __ | | $ | . 0 0 ○ Y ○ N |
| 2. __ __ / __ __ / __ __ __ __ | | $ | . 0 0 ○ Y ○ N |
| 3. __ __ / __ __ / __ __ __ __ | | $ | . 0 0 ○ Y ○ N |
| 4. __ __ / __ __ / __ __ __ __ | | $ | . 0 0 ○ Y ○ N |
| 5. __ __ / __ __ / __ __ __ __ | | $ | . 0 0 ○ Y ○ N |

C. **Sales During the Settlement Class Period:** Separately list each and every sale of Exide senior secured notes in the Secondary Market during the period from August 12, 2011 through May 24, 2013, inclusive, and provide the following information (*must be documented*):

| SALES | | | |
|---|---|---|---|
| Trade Date(s) of Shares (List Chronologically) | Original Face Value of Notes Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Sales Enclosed? |
| M M / D D / Y Y Y Y | | | |
| 1. __ __ / __ __ / __ __ __ __ | | $ | . 0 0 ○ Y ○ N |
| 2. __ __ / __ __ / __ __ __ __ | | $ | . 0 0 ○ Y ○ N |
| 3. __ __ / __ __ / __ __ __ __ | | $ | . 0 0 ○ Y ○ N |
| 4. __ __ / __ __ / __ __ __ __ | | $ | . 0 0 ○ Y ○ N |
| 5. __ __ / __ __ / __ __ __ __ | | $ | . 0 0 ○ Y ○ N |

D. End Holdings: State the total number of Exide senior secured notes owned at the close of trading on May 24, 2013, long or short (must be documented).

Proof Enclosed?
○ Y
○ N

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME ON THE COPY AND FILL THIS CIRCLE: ○

IF YOU DO NOT FILL IN THIS CIRCLE THESE ADDITIONAL PAGES MAY NOT BE REVIEWED.

YOU MUST READ AND SIGN THE RELEASE ON PAGE 6. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.



UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Executed this_____ day of _____ in _____

(Month/Year)                                              (City/State/Country)

_____               _____

(Sign your name here)                                   (Sign your name here)

_____               _____

(Type or print your name here)                          (Type or print your name here)

_____               _____

(Capacity of person(s) signing, *e.g.*,                 (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer, Executor or Administrator)   Beneficial Purchaser or Acquirer, Executor or Administrator)

### ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1. Please sign the above release and declaration.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates or documents.

5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. **Do not use red pen or highlighter** on the Proof of Claim Form or supporting documentation.

### THIS PROOF OF CLAIM FORM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN _____ __, 2016, ADDRESSED AS FOLLOWS:

*Loritz v. Exide Technologies, et al.*
Claims Administrator
c/o KCC LLC
P.O. Box ___
City, ST _____-____

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 201_ and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.



**EXHIBIT A-3**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID M. LORITZ, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiffs, | Case No. 2:13-cv-02607-SVW-E |
| v. | |
| EXIDE TECHNOLOGIES, et al. | |
| Defendants. | |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING THEREON**

TO:   **ALL PERSONS WHO PURCHASED THE COMMON STOCK OF EXIDE TECHNOLOGIES ("EXIDE") DURING THE PERIOD JUNE 1, 2011 THROUGH MAY 24, 2013, INCLUSIVE, OR EXIDE 8 AND 5/8% SENIOR SECURED NOTES DUE 2018 DURING THE PERIOD FROM AUGUST 12, 2011 THROUGH NOVEMBER 9, 2012, INCLUSIVE.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Central District of California, that Lead Plaintiffs in the above-captioned litigation (the "Action") have reached a proposed settlement with Defendants for $14,750,000.00 in cash, plus interest earned (the "Settlement").

A hearing will be held on _____, 201_, at ____ a.m., before the Honorable Stephen v. Wilson, United States District Judge, in Courtroom 6 of the United States District Court, Central District of California, at 312 North Spring Street, Los Angeles, CA, 90012-4701 for the purpose of determining:  (1) whether the Court should certify the Settlement Class for purposes of the Settlement pursuant to Federal Rule of Civil Procedure 23; (2) whether the proposed Settlement of $14,750,000.00 in cash, plus any return thereon, should be approved by the Court as fair, just, reasonable, and adequate; (3) whether the Action should be dismissed with prejudice as against Defendants and their Corresponding Released Parties as set forth in the Stipulation of Settlement dated as of March 7, 2016; (4) whether the Plan of Allocation is fair, reasonable, and adequate and, therefore, should be approved; (5) whether the application of Plaintiffs' Counsel for the payment of attorneys' fees and reimbursement of costs and expenses incurred in connection with the Action should be approved; and (6) such other matters as the Court may deem appropriate.

**If you purchased Exide's common stock during the period from June 1, 2011 through May 24, 2013, inclusive, or purchased in the secondary market Exide's $8^{5/8}$% senior secured notes due 2018 during the period from August 12, 2011 through November 9, 2012, inclusive, your rights may be affected by the settlement of the Action.**  If you have not received a detailed Notice of Pendency and Proposed Settlement (the "Notice") and a copy of

2

the Proof of Claim, you may obtain copies by writing to *Loritz v. Exide Technologies, et al.*, c/o KCC, LLC, Claims Administrator, [ADDRESS, CITY STATE ZIP], or by calling [TOLL-FREE NUMBER].  You may also obtain copies on the internet at www._____.com.  Complete information concerning the Action may be obtained from the Court files on this matter.

      If you are a member of the Settlement Class, in order to share in the distribution of the Net Settlement Fund, you must timely submit a Proof of Claim to the Claims Administrator's address provided above and postmarked no later than _____, 201_.  If you are a member of the Settlement Class and do not submit a proper Claim Form, you will not share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgment or orders entered by the Court.

      If you desire to be excluded from the Settlement Class, you must submit to the Claims Administrator a request for exclusion, at the address above and postmarked no later than _____, 201_, in the manner and form detailed in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgment or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

      Any objection to the proposed Settlement, the Plan of Allocation, and/or Fee and Expense Application must be filed in the manner detailed in the Notice with the Clerk of the Court and delivered to Lead Counsel for Plaintiffs and Counsel for Defendants, such that it is received by each party no later than _____, 201_, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**  Any questions, should be directed to:

**Claims Administrator:**                    **Lead Counsel for Plaintiffs:**

*Loritz v. Exide Technologies, et al.*        William B. Federman
c/o KCC, LLC                                  A. Brooke Murphy
P.O. Box ____                                 FEDERMAN & SHERWOOD
                                              10205 N. Pennsylvania Avenue
_____                       Oklahoma City, OK 73120
[Toll-free number]                            (405) 235-1560
www._____.com                        wbf@federmanlaw.com
                                              abm@federmanlaw.com


DATED: _____, 2016                     BY ORDER OF THE COURT
                                              UNITED STATES DISTRICT COURT
                                              CENTRAL DISTRICT OF CALIFORNIA

**EXHIBIT B**

1
2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

3

4
5
6
7
8
9
10
11

DAVID M. LORITZ, Individually and on Behalf of All Others Similarly Situated,

              Plaintiffs,

v.

EXIDE TECHNOLOGIES, et al.

              Defendants.

Case No. 2:13-cv-02607-SVW-E

<u>CLASS ACTION</u>

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL**

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

        WHEREAS, (i) Lead Plaintiffs James Cassella and Sandra Weitsman and Plaintiffs Kevin Grace, James Close, Mitchell Abel and Steamfitters' Industry Benefit Fund ("Plaintiffs"), on behalf of themselves and each of the Class Members, and (ii) Defendants James R. Bolch, Phillip A. Damaska, R. Paul Hirt, Louis E. Martinez, John P. Reilly, Herbert F. Aspbury, Michael R. D'Appolonia, David S. Ferguson, John O'Higgins, and Domenic J. Pileggi ("Defendants") have entered into the Stipulation of Settlement dated March 7, 2016 (the "Stipulation"), providing for the settlement of the Action and release of all Released Claims and Released Defendants' Claims, which include Unknown Claims (the "Stipulation"), on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

WHEREAS, all capitalized terms used herein shall have the same meaning as set forth in the Stipulation;

WHEREAS, in the Preliminary Approval Order dated [      ], 2016, this Court (a) preliminarily approved the Settlement; (b) preliminarily certified the Action as a class action for settlement purposes; (c) ordered that notice of the proposed Settlement be provided to potential Class Members; (d) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application; and (e) scheduled a hearing regarding, among other things, final approval of the Settlement, the proposed Plan of Allocation, and the Fee and Expense Application;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on [      ], 2016 (the "Settlement Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate and should therefore be approved; (ii) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; (iii) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the Settlement proceeds among the Members of the Class; and (iv) whether and in what amount to award Plaintiffs' Counsel's fees and reimbursement of expenses;

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held in connection with the Settlement, and the record in the Action, and with good cause appearing therefor; and

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including, but not limited to, Plaintiffs, all Class Members, and Defendants.

3.      Plaintiffs are hereby appointed, for settlement purposes only, as the Class Representatives in respect of the Class for purposes of Federal Rule of Civil Procedure 23.  Federman & Sherwood, which was appointed by the Court to serve as Lead Counsel, is hereby appointed, for settlement purposes only, as Class Counsel for the Class pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

4.      The Class that this Court preliminarily certified in the Preliminary Approval Order are hereby finally certified for settlement purposes under Federal Rule of Civil Procedure 23(b)(3).

5.     The Class certified for settlement purposes by this Judgment consist of:  (a) all persons and entities who purchased or otherwise acquired the common stock of Exide Technologies ("Exide") during the period from June 1, 2011 through May 24, 2013, inclusive; and (b) all persons and entities who purchased or otherwise acquired in the secondary market Exide's 8 and 5/8% senior secured notes due 2018 pursuant and/or traceable to the Company's Form S-4/A Registration Statement effective August 12, 2011, during the period from August 12, 2011 through November 9, 2012, inclusive, for Plaintiffs' claims under Sections 11 and 15 of the Securities Act of 1933.  Excluded from the Class are Defendants, all current and former directors and officers of Exide  during the Class Period, and any family member, trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities referenced above.  Also excluded from the Class are those Persons who timely and validly request exclusion from the Class.[1]

6.     In granting final certification of the Class, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the Class Members are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to each Class that predominate over any individual

---

[1]  The absence of an Exhibit 1 from this Order reflects that no Persons requested exclusion from the Class.

questions; (c) the claims of the Plaintiffs are typical of the claims of the Class; (d) the Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented and protected the interests of all Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Action.

7.     Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, just, reasonable and adequate to the Class.

8.     The Settlement is hereby finally approved in all respects, and the parties are hereby directed to perform its terms.

9.     Except as to any individual claim of those Persons (identified in Exhibit 1) who have validly and timely requested exclusion from the Class, the Action (including all individual claims and Class claims presented thereby) is dismissed with prejudice.  The Parties are to bear their own fees and costs, except as otherwise provided in the Stipulation.

10.    Upon the Effective Date hereof, and in consideration of: (a) Defendants' agreement to instruct their insurance carriers to pay the amount of $14.75 million (the "Cash Settlement Amount") and (b) Defendants' release of Defendants' Released Claims, as set forth in the Stipulation, Plaintiffs and each Class Member (and their Released Parties, as set forth in the Stipulation) shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims (including Unknown Claims, as defined in the Stipulation) against Defendants, and each of them, and each of their Released Parties, whether or not such Class Member executes and delivers a Proof of Claim.  The releases provided for in the Stipulation are effective as of the Effective Date.

11.    The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Class Members (regardless of whether or not any individual Class Member submits a Proof of Claim or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors, and assigns.

12.    The Persons listed on Exhibit 1 have submitted a valid request for exclusion from the Class that was accepted by the Court.  By virtue of such request, these Persons are deemed not to be Members of the Class, and have no rights to participate in the Settlement or to receive any distributions from the Net Settlement Fund.  Except for the Persons listed on Exhibit 1, no other Persons have submitted

requests for exclusion from the Class that were accepted by the Court.  The Persons

listed on Exhibit 1 are the only Persons whose request for exclusion has been

accepted, and, as a consequence, these Persons are not bound by the terms of the

Stipulation and this Final Judgment and Order of Dismissal.

13.    The Escrow Agent appointed by Lead Counsel shall maintain the

Settlement Fund in accordance with the requirements set forth in the Stipulation.

No Defendant, or any Released Party, shall have any liability, obligation, or

responsibility whatsoever for the administration of the Settlement or disbursement

of the Net Settlement Fund.  Lead Counsel, Plaintiffs, the Escrow Agent, and the

Claims Administrator shall have no liability to any Class Member with respect to

any aspect of the administration of the Settlement Fund, including, but not limited

to, the processing of Proofs of Claim and the distribution of the Net Settlement

Fund to Class Members.

14.    The Plan of Allocation is approved as fair and reasonable, and Lead

Counsel and the Claims Administrator are directed to administer the Stipulation in

accordance with its terms and provisions.

15.    Class Members who have not been excluded from the Class are hereby

barred and enjoined from (a) filing, commencing, prosecuting, intervening in, or

participating (as class members or otherwise) in, any lawsuit in any jurisdiction

based on or relating to the Released Claims, and (b) organizing Class Members who

have not been excluded from the Class into a separate class for purposes of

pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the Released Claims.

16.     Except as otherwise expressly set forth in the Stipulation, upon the Effective Date, pursuant to § 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(f)7, this Final Judgment and Order of Dismissal bars and permanently enjoins all Persons from instituting or prosecuting any action or proceeding against the Defendants for equitable, partial, comparative, or complete contribution, subrogation, or indemnity, however denominated, arising out of or relating in any way to the Released Claims.

17.     Upon the Effective Date hereof, and in consideration of the releases to be provided by Plaintiffs, the Class, and all members thereof, Defendants, and each of them (and their Released Parties), shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged each and all of the Plaintiffs, Class Members, Lead Counsel, and each of them, and each of their Released Parties from all Released Defendants' Claims (including Unknown Claims).

18.     The Notice was disseminated and published in accordance with the Preliminary Approval Order.  The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement satisfied the requirements of Rule 23 of the Federal Rules of

Civil Procedure, the Securities Exchange Act of 1934 (as amended by the Private

Securities Litigation Reform Act of 1995 ("PSLRA")), due process, and any other

applicable law, constituted the best notice practicable under the circumstances, and

constituted due and sufficient notice to all Persons entitled thereto.

19.     The Plan of Allocation is approved as fair and reasonable, and Lead

Counsel and the Claims Administrator are directed to administer the Stipulation in

accordance with its terms and provisions.

20.     Neither the Stipulation nor the Settlement contained therein, nor any

act performed or document executed pursuant to or in furtherance of the Stipulation

or the Settlement:  (a) is or may be deemed to be or may be used as an admission,

concession or evidence of, the validity or invalidity of any Released Claims, the

truth or falsity of any fact alleged by the Plaintiffs, the sufficiency or deficiency of

any defense that has been or could have been asserted in the Action, or of any

alleged wrongdoing or liability of the Defendants and their Released Parties, or any

of them; (b) is or may be deemed to be or may be used as an admission of, or

evidence of, any fault or misrepresentation or omission with respect to any

statement or written document attributed to, approved or made by any of any of the

Defendants, or any of their Released Parties, in any civil, criminal or administrative

proceeding in any court, administrative agency or other tribunal; (c) is or may

deemed to be or shall be used, offered or received against the Defendants,

Plaintiffs, their Released Parties, or each or any of them, as an admission,

concession or evidence of, the validity or invalidity of any of Released Defendants' Claims, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Action; and (d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against the parties and their Released Parties, or each or any of them, that any of the Plaintiffs' claims are with or without merit, that damages recoverable under the Plaintiffs' operative complaint would have been greater or less than the Cash Settlement Amount or that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount which could have or would have been recovered after trial.  Any of the parties or any of their Released Parties may file this Stipulation and/or the Final Judgment in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21.     Without affecting the finality of this Judgment in any way, the Court hereby retains exclusive jurisdiction over the parties and Members of the Class for all matters relating to the: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest or income earned thereon; (b) disposition of the Settlement Fund; (c) determination of applications for

attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (d) construction, interpretation, enforcement, effectuation, and administration of the Stipulation.

22.    The Court finds that the complaints filed in the Action were filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure.  The Court further finds that during the course of the Action, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

23.    Plaintiffs' Counsel are hereby awarded ___% of the Settlement Fund in attorneys' fees and $[    ] in reimbursement of expenses, with interest earned thereon.  In making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that:

a.    the Settlement has created a fund of $14,750,000.00 in cash, plus interest or income earned thereon, that is already on deposit, and numerous Class Members who submit, or have submitted, acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel.

b.    Plaintiffs' Counsel have litigated the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

c.    the Action involves complex factual and legal issues and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

    d.  had Plaintiffs' Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from the Defendants;

    e.  Plaintiffs' Counsel have devoted over [   ] hours, with a lodestar value of $[   ], to achieve the Settlement; and

    f.  the amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund is fair, reasonable and consistent with fee and expense awards in similar cases.

  24.  The awarded attorneys' fees and expenses, and interest or income earned thereon, shall be paid to Lead Counsel from the Settlement Fund immediately after the date this Final Judgment and Order of Dismissal is executed subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

  25.  Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards: Lead Plaintiffs and Class Representatives Cassella and Weitsman $_____, each, for their time and expense in representing the Class; Plaintiffs and Class Representatives Close and Steamfitters $_____, each, for their time and expense in representing the Class; and Plaintiffs Grace and Abel $_____, each, for their time and expense in representing the Class.  The reimbursement awards shall be paid to Plaintiffs from the Settlement Fund pursuant to the terms of the Stipulation.

26.     The approved Plan of Allocation or award of attorneys' fees and expenses in no way shall disturb or affect this Final Judgment and Order of Dismissal and shall be considered separate from this Final Judgment and Order of Dismissal.

27.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

28.     Without further approval from the Court, the parties are authorized to agree to and adopt such amendments, modifications and expansions of the Stipulation and its implementing documents (including all exhibits to the Stipulation) as (a) shall be consistent in all material respects with this Judgment, or (b) do not materially limit the rights of Class Members.  Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

29.     As there is no just reason for delay in the entry of this Final Judgment and Order of Dismissal, the Court hereby directs that this Final Judgment and Order of Dismissal be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure 54(b).  The direction of the entry of final judgment pursuant to Rule

54(b) is appropriate and proper because this Judgment fully and finally adjudicates the claims of the Plaintiffs and the Class against Defendants in this Action, it allows consummation of the Settlement, and will expedite the distribution of the Settlement proceeds to the Class Members.

IT IS SO ORDERED:

Dated: _____ ___, 2016

_____
Hon. Stephen V. Wilson
United States District Court Judge