UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:13-cv-02607-SVW-E | Date | June 15, 2016 |
| Title | *David M Loritz v. Exide Technologies et al* | | |

| | |
|---|---|
| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER REGARDING SETTLEMENT APPROVAL [238] AND ATTORNEYS' FEES [240]

### Introduction

On May 6, 2016, Plaintiffs filed a motion for settlement approval. Dkt. 238. Plaintiffs concurrently filed a motion for attorneys' fees. Dkt. 240. The Court will grant the [proposed] final judgment and order of dismissal in a separate order, with one change from the requested award.

### Objection

For the reasons stated at the hearing, the Court finds that the lone objection does not provide a sufficient justification for not approving the settlement agreement. The actual identity of the alleged shareholder is still unknown to Plaintiffs' Counsel despite their efforts to identify the person described in the letter. And even assuming that the objector had standing, the Court is satisfied that because the Debtwire.com disclosure was made in the early morning of May 24, 2013, Plaintiffs' financial expert appropriately incorporated the timing of the disclosure into the damages model to assume no artificial inflation after the corrective disclosure was made. Though this conclusion could have been more clearly stated in the Plan of Allocation, the Court does not find it unreasonable under an efficient market theory.

### Attorneys' Fees

The Court awards Plaintiffs' Counsel 25% of the Settlement Fund in attorneys' fees instead of the

: _____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-02607-SVW-E | Date | June 15, 2016 |
|---|---|---|---|
| Title | *David M Loritz v. Exide Technologies et al* | | |

requested 30% in attorneys' fees. *See* Dkt. 241.

Under percentage-of-recovery method of calculating attorneys' fees, "courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure." *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). Nonetheless, courts must not apply the benchmark mechanically and should cross-check the calculation against a second method to ensure that the fee is reasonable in light of the circumstances of the case. *Id.* at 944. Circumstances relevant in determining the reasonableness of a fee award include: (1) the results achieved; (2) the risk of continued litigation; (3) the benefits generated by the performance of counsel; (4) the reasonable expectations for reimbursement; and (5) the burden on class counsel. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002).

The Court finds that the circumstances in the present case do not warrant deviating from the benchmark percentage. While the Court understands that Plaintiffs' Counsel believes that the settlement is an excellent result, the Court is not blind to the fact that the settlement will be of little benefit to the class members in relation to their overall losses. A return of 10.17% of Plaintiffs' claimed damages is not so extraordinary as to indicate the need for an upward adjustment. Though there was risk to continued litigation, class certification had already been granted substantially reducing the risk that the case would have a resolution on the merits. Plaintiffs' Counsel has not demonstrated significant nonmonetary benefits to class members. Plaintiffs' Counsel's citation to out-of-circuit case law on the reasonable rate for contingent fee arraignments is not persuasive evidence as to their reasonable expectations in this case and appears to be above the empirical return in the Ninth Circuit. *See* Newberg on Class Actions § 15:78 (stating the mean fee award between 2006 and 2011 was 24.5%). And three years of litigation is not such a significant burden in the context of class action litigation. *See, e.g., Vizcaino*, 290 F.3d at 1051 (litigation lasting eleven years favors granting 28% fee). Accordingly, the *Vizcaino* factors do not favor a higher percentage of the common fund than the benchmark figure and the Court GRANTS benchmark attorneys' fees.[1]

**Incentive Awards**

---

[1] The Court also GRANTS Plaintiffs' request for reimbursement for costs as reasonable and necessary given the requirements of litigating this class action. *See In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1365–66 (N.D. Cal. 1996); *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177–78 (S.D. Cal. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:13-cv-02607-SVW-E | Date | June 15, 2016 |
| Title | *David M Loritz v. Exide Technologies et al* | | |

The incentive awards requested for the named plaintiffs are reasonable. Named plaintiffs are generally eligible for reasonable incentive payments. *See Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). And there is nothing in the PSLRA that prohibits such an award. *See* 15 U.S.C. § 78u-4(a)(4). "The district court must evaluate their awards individually, using 'relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . the amount of time and effort the plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s of] workplace retaliation.'" *Id.* (quoting *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)). These discretionary awards "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ' Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009) (internal citation omitted).

The Court finds that in light of the efforts expended by the class representatives that the incentive fees requested are reasonable. Each of the named plaintiffs reviewed and provided input on briefs filed in this action, collected documents, answered interrogatories, interfaced with multiple attorneys working on case strategy and various assignments in this litigation, participated in the mediation and assisted in reaching the final proposed settlement, and supervised Plaintiffs' Counsel in the prosecution of this action. *See* Dkt. 242 Exs. 8–13. All of the named plaintiffs except Kevin Grace were deposed in the course of the litigation. *Id.* at 47 n.9. The award amounts are generally consistent with the time and effort expended by the named plaintiffs, accordingly the Court GRANTS the incentive awards as requested.

**Conclusion**

For the reasons stated above, the Court will grant the [proposed] final judgment and order of dismissal with benchmark attorneys' fees.

A separate order containing the terms of the final judgment and order of dismissal will issue.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | |
| PMC | |